STATE v. VAN JOHNSON.

*Rape of Child under ten—Indictment under* § 1101, *of The Code; Form of.*

1. Where an'indictment for rape was in the usual form, charging the act to have been with force and *against the will* of prosecutrix, it was error to instruct the jury, that if the prisoner unlawfully had connection with prosecutrix *with her consent*, she being at the time under ten years of age, he was guilty.

2. If a child under ten years of age is *forcibly* ravished, her age need not be set out in the indictment. If she *consents* to the connection her age must be charged.

·  INDICTMENT for rape, tried before *Avery, J.*, and a jury, at .Fall Term, 1887, of EDGECOMBE Superior Court.
·  The facts appear in the opinion.

*Attorney General*, for the State.
·  *Mr. J. L. Bridgers*, for the defendant.

SMITH, C. J.  The prisoner is charged with committing a ·rape upon the person of .Dilsey Ann Hyman, and after his ;arraignment and pleading not guilty, was tried and con-

victed by the jury at Fall Term, 1887, of the Superior Court of Edgecombe,   The form of the indictment is as follows:

STATE OF NORTH CAROLINA, } SUPERIOR COURT,
      EDGECOMBE COUNTY.       }       Fall Term, 1887.

The jurors for the State, upon their oath, present: That Van Johnson, late of the County of Edgecombe, on the 5th day of March, *Anno Domini* 1887, at and in the County aforesaid, with force and arms, in and upon one Dilsey Ann Hyman, in the peace of God and the State of North Carolina, then and there being, violently and feloniously, did make an assault, and her, the said Dilsey Ann Hyman, then and there violently, forcibly and against her will, feloniously did ravish and carnally know, contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the State.              GEO. H. WHITE,
                                                                              *Solicitor.*

It is unnecessary to enter into a consideration of the exception to the method of proving the character of the prisoner, which was put in issue by his own voluntary act, in becoming a witness in his own behalf—*State* v. *Efler*, 85 N. C., 585—and we pass it by, with the single remark, that in our opinion it is without force—and proceed to an examination of the portion of the charge complained of after verdict, and on the motion for a new trial.   It is as follows:

1. If the prisoner at the bar unlawfully and carnally knew Dilsey Ann Hyman, forcibly and against her will, at any time before the finding the bill of indictment, he is guilty.

2. If the prisoner at the bar had unlawful and carnal knowledge of, and abused Dilsey Ann Hyman, she being at the time a child under ten years of age, the prisoner is guilty, whether she consented or not.

As abstract propositions of law, the charge is not open to objection, for rape may be committed upon a female of any

age, as well when she is under ten years of age, or more, the difference being, that in the former case the crime is not mitigated by consent of the youthful victim of the outrage.

The indictment charges, that the connection was brought about by force and against the will of Dilsey; and while an indictment, or a count in it, properly framed, to which the charge would apply, would warrant its being given, the allegation of the use of force, in consummating the criminal purpose, must be followed with sustaining proof; otherwise, the jury could not convict.

The indictment is sufficient in form to warrant the verdict, if force was in fact resorted to, without reference to the age of the victim of the prisoner's unrestrained lust, and this would be directly responsive to its averments. If, however, she did voluntarily assent to the intercourse, being under the age mentioned, although the offence would not be lessened thereby, and the prisoner could be convicted and punished under an indictment charging the statutory offence—*The Code*, § 1101—yet, such is not the charge here preferred against the prisoner.

In *State* v. *Farmer*, 4 Ired., 224, upon a similar indictment, it was held to be unnecessary to aver that the female was ten or more years of age, and DANIEL, J., rendering the opinion, remarks: "An indictment for rape never states the age of the female that has been ravished. If, indeed, she be under the age of ten years, then *it is averred in the indictment*, because, by force of the statute, abusing such a female is made felony, whether she consent or not."

A similar ruling is made in *State* v. *Storkey*, 63 N. C., 7, wherein READE, J., says: "Nor is it necessary to state the age, except when the victim is under ten, *nor even then, unless the act is with the child's consent.*"

This clearly implies the necessity of such averment as to age, if a conviction is to be had when there was consent, for

a child has volition at such age as well as an adult, but it does not absolve from guilt.

The error, then, consists in telling the jury, that, under this indictment, they could convict the prisoner, if the aggrieved girl was under ten years, and it was immaterial whether she consented or not, to the prisoner's embraces.

The forms, so far as we have examined, in proscuting for such abuse of a female child under the statutory age, contain an averment as to the age, and, in principle, this seems to be necessary to let in proof of the crime. The evidence as to age was conflicting; but the direction to the jury to disregard the age, and if satisfied beyond a reasonable doubt of the commission of the act, to convict, even if assented to, and she was, when it occurred, less than ten years of age, is error. In this, there is error, and the judgment must be reversed, and a *venire de novo* awarded.

Error. *Venire de novo.*