### No. 915
### STATE v. CORWIN
Ohio Supreme Court
No. 17756. Decided Dec. 30, 1922
To Appear in —— Ohio State Reports

**312. RAPE.**

Under former jeopardy rule, rape with force and rape with consent are not same offense. (89 OS. at 386.)

For official syllabus, see

WANAMAKER, J.

#### Epitomized Opinion

Exceptions to Seneca County Common Pleas

Clem Corwin was indicted in 1922 for rape with violence upon A. S., a female under 16 years of age, under 12413 GC., and acquitted. At a subsequent term he was indicted under 12414 GC. carnally knowing A. S. with her consent. A plea of former jeopardy was sustained by the Common Pleas on the ground that Corwin had been tried (under 12413 GC.) and acquitted by a jury of the charge of rape with force and violence upon A. S. The state excepted. In sustaining the exceptions of the state the Supreme Court held:

1. Rape with force and violence upon a person under the age of 16 is not the same offense as rape with consent. To establish the guilt of the accused under the former charge it is necessary for the state to prove beyond all reasonable doubt that the accused used force and violence in having carnal knowledge with the prosecuting witness, and if there was reasonable doubt as to such force and violence charged in the indictment it was clearly the duty of the jury to acquit. Rape with consent is clearly and convincingly not the same. It is under an entirely different statute and can in no wise be regarded as an included offense. State v. Rose, 89 OS. at page 387.

Attorneys—J. L. Lott, Tiffin, for State; W. K. Keppel, Tiffin, for Corwin.