## Yates v. Commonwealth.

(Decided December 4, 1925.)

## Appeal from Boyle Circuit Court.

1. Rape—That Accused was Under Majority no Defense to Prosecution for Carnal Knowledge of Female Under Age of Consent.—That accused was under his majority would be no defense to prosecution for carnal knowledge of female under age of consent.

2. Rape—In Prosecution for Carnal Knowledge Under Statute, Evidence as to Chastity of Female Properly Excluded.—In a prosecution for carnal knowledge, which is a felony under Ky. Stats., section 1155, as amended by Acts 1922, c. 17, the chastity of the female is not involved, and evidence as to intercourse with others was properly excluded.

3. Criminal Law—Accused, Cross-Examining Prosecutrix's Mother and Sister as to Prosecutrix's Pregnancy, Estopped to Complain of Exclusion of Evidence as to her Unchastity.—In prosecution for carnal knowledge, where accused made prosecutrix, her mother, and sister his witnesses by cross-examining them as to incompetent and irrelevant facts of prosecutrix's pregnancy, he was estopped to complain of exclusion of evidence as to others' illicit intercourse with prosecutrix.

4. Rape—Conviction for Carnal Knowledge Not Affected by Evidence Showing Promise of Marriage.—In prosecution, under Ky. Stats., section 1155, as amended by Acts 1922, c. 17, for carnal knowledge of female under 18 years of age, the fact that a promise of marriage by accused was shown by evidence would not affect conviction for offense charged, being irrelevant and unnecessary.

5. Rape—"Seduction" Not a Degree of "Rape."—"Seduction," as defined by Ky. Stats., section 1214, is not a degree of crime of "rape," under Ky. Stats., section 1154.

6. Rape—"Carnal Knowledge of Female Below Age of Consent" is Degree of Crime of Rape.—The crime of "carnal knowledge of female below age of consent," under Ky. Stats., section 1155, as amended by Acts 1922, c. 17, is a degree of crime of rape, under section 1154.

7. Indictment and Information—Seduction Not Degree of Crime of Carnally Knowing Female Below Age of Consent.—The crime of seduction, under Ky. Stats., section 1214, is not a degree of crime of carnally knowing a female below age of consent, under section 1155, as amended by Acts 1922, c. 17, and hence, though indictment alleged promise of marriage, Criminal Code of Practice, sections 262, 264, relative to included offenses, and conviction thereof did not apply.

S. E. CLAY, GEORGE E. STONE and T. SCOTT MAYES for appellant.

FRANK E. DAUGHERTY, Attorney General, and CHARLES F. CREAL, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

The trial of the appellant, Marshall Yates, in the Boyle circuit court under an indictment charging him with the crime of wilfully, unlawfully and feloniously having carnal knowledge of and sexual intercourse with Lillian Toombs, "a female under the age of eighteen years, not his wife, with her consent," resulted in a verdict of the jury finding him guilty and fixing his punishment at confinement for two years in the penitentiary. He was refused a new trial and the verdict approved by the judgment of the court, and from that judgment he prosecutes this appeal.

The grounds relied on for the reversal of the judgment are that error was committed by the trial court (1) In rejecting competent evidence offered by the appellant. (2) In instructing the jury and refusing instructions offered by appellant. (3) In refusing an instruction directing a verdict of acquittal.

According to the testimony of the prosecutrix the appellant had sexual intercourse with her on a Sunday night late in April, or early in May, 1923, in an automobile at a point on the turnpike near Shelby city, to which place they rode from a church in Junction City, where she and her sister, who was then Miss Affie L. Toombs, but later, by marriage, became Mrs. Affie L. Leigh, had been carried by the appellant and Russell Yates, his brother, in the automobile from their home to attend church services; the sister and brother having been left by the witness and appellant at the church. She also testified that she was seventeen years of age at the time of her sexual intercourse with the appellant; that she was induced to consent and submit to the intercourse because of a promise of marriage then made her by the appellant, and that immediately following the act she and the appellant returned to Junction City where, finding the services still in progress, they entered the church and remained until the congregation was dismissed, after which she and her sister were carried in the automobile by the appellant and his brother back to, and left at, their home. It was further, in substance, testified by the prosecutrix that at the time of, and for a year or more prior to, his commission of the crime charged in the indictment, the appellant's attitude toward her was, and had been, that of a lover; and on cross-examination she admitted that

his act of sexual intercourse with her constituting the crime charged, caused her to become pregnant, and on January 29, 1924, give birth to a child.

The testimony of the prosecutrix that she and her sister were carried in an automobile by the appellant and his brother from their home to the Junction City church on the occasion in question, and were later the same night returned to their home by the latter; likewise her testimony as to the appellant's attentions to her as a lover, and the date of the birth of her child, was corroborated by her mother, Mrs. Ida Toombs, and sister, Mrs. Leigh, in addition to which, her testimony as to the automobile ride taken by her with the appellant alone from the church and their subsequent return to the church before the dismissal of the congregation, was also corroborated by the sister. The appellant did not himself testify on the trial, but his brother, Russell Yates, upon being introduced as a witness in his behalf, denied that on the occasion mentioned by the prosecutrix her mother and sister, or at any other time, he and the appellant carried the prosecutrix and her sister from their home to a church in Junction City, from which the appellant and the prosecutrix took an automobile ride elsewhere, or that following their return from such automobile ride, the appellant and witness carried prosecutrix and her sister back to their home.

Following these denials, however, the witness stated that in March, 1923, and but a short time before the alleged commission of the crime charged in the indictment, he and the appellant while on a Saturday afternoon visit to Danville encountered the prosecutrix and her sister, Mrs. Leigh, then Miss Affie L. Toombs, both of whom they carried by automobile to their home in the country, leaving Danville about 8:30 p. m. and arriving at the Toombs home without a stop on the way, from which place the witness and appellant, without delay, proceeded on their way to their own home about three miles distant.

It was, in substance, further testified by Russell Yates that the automobile ride from Danville to the Toombs residence was unattended by any immoral or improper conduct on the part of either of the Toombs girls, the appellant or the witness.

On his cross-examination the witness admitted that he had repeatedly seen his brother, the appellant, with the prosecutrix before the automobile ride from Danville

to the home of the latter referred to; and when asked to state the age of the appellant, his reply was that he (witness) was 27, and the appellant about, or nearly three years younger, which approximately fixed the age of the latter at 23 or 24 years, as previously testified by Charles Williams and O. B. Toombs, witnesses for the Commonwealth. So, notwithstanding the rigid cross-examination of these two witnesses by his counsel in an attempt to show that the appellant was under 21 years of age at the time of his alleged commission of the crime charged, there is no contrariety of evidence as to the fact that he was then, at least, 23 years of age. However, had it been conclusively established by the evidence that the appellant was then under 21 years of age, under the statute and cases applying its provisions, that fact would not have excused the crime, if committed, nor could it have been relied on as a defense in this prosecution.

The only other evidence introduced by the appellant was furnished by the testimony of L. H. McAuly and Charles Anderson, each of whom testified as to the general reputation of the prosecutrix, stating that it was known to them and was bad. But in what particular it was bad they failed to indicate. Two witnesses were introduced by the Commonwealth in rebuttal, viz., W. E. McAuly and A. Harmon. McAuly testified that he had known the prosecutrix, Lilliam Toombs, all her life, and was acquainted with her reputation, which was good, and had never been questioned prior to the birth of her child. Harmon's testimony was substantially the same as that of W. E. McAuly, and equally as strong, except that his acquaintance with the prosecutrix and her reputation did not, like that of the latter, begin with her infancy and continue through the subsequently passing years, but was confined to the period covered by the five years next preceding the trial of the case at bar.

Deeming what has been said of the evidence sufficient to give an understanding of its bearing on the grounds urged by the appellant for the reversal of the judgment appealed from, those grounds will now be considered. The first ground, as previously indicated, presents a complaint of the ruling of the trial court in the matter of excluding certain evidence offered by the appellant. The evidence in question is contained in an affidavit of the appellant filed in support of his motion for a continuance of the case, made at the January term, 11925, of the

Boyle circuit court, which was asked on account of the absence of two witnesses named therein, viz., H. M. Tuggle and Raymond Brewer. The court overruled the appellant's motion for the continuance, but by its order gave him permission to read to the jury such parts of the affidavit as might be relevant and competent. Omitting the formal parts of the affidavit, the facts set forth therein and to which it was claimed the witness Tuggle would testify, were that he was well acquainted with the prosecutrix, and had with her consent six times, during the twelve months next preceding February 28, 1924, had sexual intercourse with her. Also, that about a year prior to February 25, he had seen Raymond Brewer have sexual intercourse with her.

The facts to which it was stated in the affidavit the witness Brewer would testify were, that he was intimately acquainted with the prosecutrix and that he, too, "had intercourse with her in Boyle county."

Waiving consideration of the insistence of counsel for the Commonwealth, that the trial court's exclusion of the testimony attributed by the affidavit to the absent witnesses, was justified by its failure to show that proper diligence was used by the appellant to procure their personal attendance and oral testimony on the trial, we are clearly of the opinion that the exclusion of this evidence was authorized on the ground of its incompetency.

In a prosecution for having carnal knowledge of a female under 18 years of age, which by Kentucky Statutes, section 1155, as amended by chapter 17, Acts General Assembly 1922, is made a felony, the chastity of the female is not involved. This is not only patent from the object and language of the statute, but it has been so declared by this court in a number of cases, the latest being that of Render v. Comlth., 206 Ky. 1, in which the court, quoting with approval from its opinion in the previously decided case of Walker v. Comlth., 204 Ky. 533, said:

"Under the charge in such an indictment neither the chastity of the prosecuting witness nor her relationship with other men is involved. The single question is whether defendant had sexual intercourse with a person under the age fixed in the statute. Whether that person has theretofore or thereafter been guilty of a similar offense constitutes no reason why the defendant should not be punished,

and the fact that such prosecuting witness had upon such previous occasions contracted a communicable disease, in the absence of special circumstances, does not affect her credibility as a witness. If it be desired to impeach her testimony, it must be done either by contradicting her evidence, showing she has made different or inconsistent statements, or that her general reputation for truth and veracity is bad.''

The opinion, after declaring the conclusion stated in the above excerpt from that of Walker v. Comlth, *supra,* supported by McCreary v. Comlth., 158 Ky. 612, proceeds to differentiate those cases and Render v. Comlth., from Chaney v. Comlth., 149 Ky. 464; Dunn v. Comlth., 193 Ky. 842, and Gilbert v. Comlth., 203 Ky. 509, all relied on by counsel for the appellant in the case at bar, by showing, first, with respect to the Chaney and Dunn cases, that, although in each evidence similar to that excluded in the Render case was admitted by the trial court, as in neither case was its admission objected to, its competency was not considered or passed on by the trial or appellate court. And second, that while in Gilbert v. Comlth., the same character of evidence was excluded by the trial court, it was held by this court that, though ordinarily such evidence is incompetent, as it was brought out on the trial by the Commonwealth that the prosecuting witness was, or claimed to have become, pregnant from the sexual intercourse had with her by the appellant, he should have been permitted to show, by way of accounting for the pregnancy, that she had maintained illicit relations with other men.

It was, however, pointed out by the opinion in Render v. Comlth. that the deviation from the general rule permitted in Gilbert v. Comlth. could not be followed in the Render case, because of the absence therefrom of the special circumstances that seemed to authorize such deviation in the Gilbert case. Obviously, the ground upon which such evidence was held admissible in the Gilbert case does not exist in the instant case, for here neither the pregnancy of the prosecutrix nor the birth of her child was brought out, or attempted to be proved, by evidence introduced in behalf of the Commonwealth; and, though it was admitted by the prosecutrix in giving her testimony on the appellant's trial, that the sexual inter-

course he had with her, constituting the crime of which he was convicted, had resulted in her pregnancy and the birth to her of a child, her admission of those facts, as well as the testimony of her mother and sister corroborative thereof, was first and wholly brought out on her cross-examination and that of the mother and sister by the appellant through his counsel. And as the latter thereby succeeded in getting those irrelevant and incompetent facts before the jury and for that purpose made the prosecutrix, her mother and sister his witnesses, he was and is estopped to complain of the exclusion by the trial court of the reading on his trial as the depositions of the absent witnesses, Tuggle and Brewer, so much of his affidavit as purported to contain the testimony it was claimed they would, if present, give concerning the alleged illicit intercourse previously had with the prosecutrix by each of them. To hold such evidence as that here excluded competent, notwithstanding the sole responsibility of the appellant for bringing out on his trial proof of the pregnancy of the prosecutrix and of the birth of her child, would abolish the general rule regulating the admissibility of such evidence, declared in Render v. Comlth., *supra,* and in all like cases permit its introduction by the accused, after his first making proof of the pregnancy or birth of the child, though either or both may have resulted from the wrongful act for which he is being tried. In admitting for the appellant the indefinite evidence, intended as an attack upon the reputation of the prosecutrix, with the admonition that it might be considered by the jury for the purpose of determining to what extent, if any, it affected her credibility as a witness, the trial court obviously went to the limit authorized by the rule announced in Render v. Comlth., *supra.* But the admission by that court of the excluded evidence under consideration would have amounted to a violation of the most positive inhibition contained in that rule. For the reasons stated, we can but conclude that the evidence in question was clearly incompetent. Therefore, its exclusion by the trial court was not error.

The appellant's complaint of the instructions given by the trial court, and of its refusal of others offered by him, contains no criticism of the form or language of those given, but urges that they were inapplicable and should have been superseded by the peremptory instruction directing the appellant's acquittal of the crime

charged by verdict of the jury; or, in the event of its re-
fusal, by instructions 3 and 4, all of which were offered
by him and refused by the trial court. His claim of
right to the peremptory instruction was rested on the
argument of his counsel that if the evidence of the Com-
monwealth conduced to prove him guilty of any crime,
it was not the one defined by Ky. Stats., section 1155, as
amended by chapter 17, Acts General Assembly, 1922,
and charged in the indictment, but that of seduction as
defined by Ky. Stats., section 1214, which, as claimed, of
itself entitled him to the directed verdict. But that if
mistaken as to this proposition, he, at least, was entitled
to instructions 3 and 4 refused by the court. These in-
structions, which were in the usual form, would have
permitted the jury, if they believed from the evidence
beyond a reasonable doubt that the appellant "under the
promise of marriage seduced and carnally knew Lillian
Toombs, and that she was at the time under 21 years of
age," to find him guilty of the crime of seduction defined
by section 1214, Ky. Statutes, and fix his punishment as
therein provided, instead of finding him guilty of the
crime charged in the indictment and defined by section
1155, Ky. Stats., as amended by chapter 17, Acts General
Assembly 1922, and inflicting upon him the greater pun-
ishment therein provided.           •

    In brief, it is the contention of the appellant's coun-
sel that the crime of seduction denounced by section 1214,
Ky. Stats., is a degree of the crime denounced by sec-
tion 1155, Ky. Stats., and that as according to the allega-
tions of the indictment and evidence in this case the crime
charged was committed by the appellant under a promise
of marriage, and such promise is not an element of the
crime defined in section 1155, but is essential to constitute
the crime defined in section 1214, therefore, the crime
here charged, if committed by the appellant, was only
that of seduction. It may as well be argued that as the
promise of marriage, as an inducement to the act of
sexual intercourse, is essential to constitute the crime of
seduction, the mere fact that it is not essential to con-
stitute the crime of carnally knowing a female under 18
years of age, denounced by section 1155, Ky. Stats., is
sufficient to distinguish the crimes and demonstrate that
the former is not a degree of the latter. However, the
fact that in a prosecution under the latter section the

making of a promise of marriage by the accused is developed by the evidence, will not militate against the right of the Commonwealth to insist upon his conviction of the crime denounced by that section, as such evidence would be wholly unnecessary and therefore irrelevant.

Although seduction has for many years been a crime in this state, it has never by this court been declared a degree of the crime of rape. It has, however, been held by this court that the crime denounced by section 1155, Kentucky Statutes, and for which the appellant was convicted in this case, is a degree of the crime of rape as defined by section 1154, Kentucky Statutes, Fenston v. Commonwealth, 82 Ky. 549; and also that the crime of detaining a female with intent to have carnal knowledge of her is not a degree of the crime of carnally knowing a female under the age of consent, as defined by section 1155, Kentucky Statutes. Head v. Commonwealth, 174 Ky. 841.

If, as we have seen, rape includes the crime of having carnal knowledge of a female under 18 years of age, but does not include the crime of seduction, the latter crime cannot be declared a degree of the crime of carnally knowing a female under 18. Indeed, section 1155, *supra,* as amended by chapter 17, Acts of 1922, provides that it shall in no way affect section 1214, relating to seduction. Hence sections 262 and 264, Criminal Code, do not, as claimed by counsel for appellant, apply to the crime charged by the indictment in the case at bar.

It is probable that if the appellant had been indicted under section 1214 of the statutes, *supra,* for the seduction of the prosecutrix under promise of marriage, he might upon the evidence heard in the instant case have been convicted of the crime and have succeesfully relied upon that conviction as a bar to a subsequent prosecution for the crime defined by section 1155 of the statutes, *supra,* here charged. But in such state of case the effectiveness of that conviction as a bar would depend, not upon the fact that either crime was a degree of the other, but that both prosecutions involved, or arose out of, the same transaction or facts. The bar would be good for the reason that the Commonwealth having in the first case elected to prosecute the accused for the crime of seduction, would not be permitted to carve from the same transaction, or state of facts, out of which it arose, another or second crime.

The sufficiency of the evidence to support the verdict, being free of doubt, and no error prejudicial to the substantial rights of the appellant having been committed by the trial court, the judgment is affirmed.