### FOSS v STATE

Ohio Appeals, 6th Dist, Lucas Co
No 2330. Decided April 14, 1930

Mulholland & Hartman and J. W. Hackett, all of Toledo, for Foss.

Leroy W. Hunt, Prosecuting Attorney and Clarence A. Irwin, Assistant Prosecuting Attorney, both of Toledo, for State.

**LLOYD, J.**

The evidence discloses that the obvious purpose of the two men who jumped at Irwin when he entered his office was to subdue him and take from him such jewelry as was on his person and with his aid or otherwise, open the safe and take therefrom whatever diamonds and other merchandise might be found therein. It is evident that the outcry of Irwin induced the shooting and the hurried exit from the latter's office. Had there been no outcry, likely to be heard by other tenants, the intent and purpose to rob, no doubt, would have been accomplished. It is clear to us that when these men sprang at Irwin from the closet, there was no intent to shoot. The necessity arose thereafter, to assure their escape. In other words, the unexpected happened and they did what momentary thought suggested, but the fact that their original purpose was thwarted and Irwin was shot, does not in any way destroy the intent with which primarily the assault was made. Foss may have been guilty not only of shooting with intent to kill but also of an assault with intent to commit robbery. We see no reason why the one may not be incidental to and yet separate and distinct from the other. The case of **State vs. Rose, 89 OS. 383**, has been cited with approval in subsequent decisions of the Supreme Court, among which are **State vs. Corwin, 106 OS. 638**, and **Duvall vs. State, 111 OS., 657**, and we believe is decisive of the questions presented in the instant case. The court there said at page 387:

> "It is not enough that some single element of the offense charged may have a single element of some other offense as to which the defendant had theretofore been in jeopardy, but the constitutional provision requires that it shall be the "same offense". The usual test accepted by the text-writers on criminal law and procedure is this: If the defendant upon the first charge could have been convicted of the offense in the second, then he has been in jeopardy."

An assault to commit robbery involves an assault and an intent to commit robbery. Shooting with intent to kill or wound involves shooting or shooting at, another person with malicious intent to kill or wound such person. Obviously Foss could not have been convicted of an assault with intent to commit a robbery in the trial had under the prior indictment. The crime of shooting with intent to kill or wound and that of an assault with intent to committ robbery are, in our judgment, separate and distinct offenses, and conviction as to one of them, or of an included offense, or acquittal, would not operate as a bar to indictment and trial as to the other. Admittedly this conclusion is not in harmony with decisions in some other jurisdictions, but we believe it to be in accord with those of our own state.

Finding no erros in the record prejudicial to plaintiff in error, the judgment of the court of common pleas is affirmed.

Williams and Richards, JJ., concur.