# STATE v. PAUL WINGER.[1]

December 23, 1938.

No. 31,803.

*William S. Ervin,* Attorney General, *Roy C. Frank,* Assistant Attorney General, *Ed J. Goff,* County Attorney, and *William G. Compton,* Assistant County Attorney, for the State.

*Thomas H. McMeekin,* for defendant.

[1]Reported in 282 N. W. 819.

HOLT, JUSTICE.

To an indictment charging defendant with carnal knowledge of a female child under the age of 18 years, to-wit: the age of 14 years, he entered a plea of former acquittal and former jeopardy. On motion the plea was stricken. Thereafter, with the consent of defendant, the court certified these two questions to this court with request that they be answered:

"(1) Upon an acquittal of one charged with rape by indictment drawn under Section 10124, Mason's Minnesota Statutes, 1927, where the age of the female is not alleged in said indictment, may the defendant again be tried for the same act, on the same facts, under an indictment drawn under Section 10125, Mason's Minnesota Statutes, 1927, charging carnal knowledge and abuse of a female child?

"(2) Where on the trial of one charged by indictment with rape it appears from the testimony in said case that the female is under the age of 18 years, may the court charge the jurors that if they believe beyond a reasonable doubt from the evidence in the case that the prosecutrix was under the age of 18 years and that the defendant had had intercourse with her, the question of consent could be eliminated and the defendant could be found guilty under Section 10125, Mason's Minnesota Statutes, 1927?"

Defendant was indicted February 1, 1938, under § 10124, the charging part being that on January 29, 1938, at the village of Robbinsdale, Hennepin county, this state, he "did wilfully, unlawfully, wrongfully, knowingly and feloniously ravish and have sexual intercourse with one . . . . . . . . . . . ., against her will and without her consent, the resistance of said . . . . . . . . . . . being prevented by stupor and weakness of mind which had been then and there produced by intoxicating liquor administered by and with the privity of said Paul Winger, and she, the said . . . . . . . . . . . ., being then and there a female over the age of ten years, and not then and there being the wife of the said Paul Winger." Upon that indictment a trial was had and a verdict of not guilty returned. Thereafter and on February 18, 1938, the same grand jury which found the first in-

dictment returned another indictment charging that on January 29, 1938, at the same village and county, defendant Paul Winger "did wilfully, unlawfully, wrongfully, knowingly and feloniously, carnally know and abuse one ............, said ............ then and there being a female child under the age of 18 years, to-wit: of the age of 14 years, and not being then and there the wife of the said Paul Winger," contrary, etc. The female, not herein named, was named in both indictments and is the same person alleged to have been wronged by defendant.

It will be noted that in this state, as in many others, there are two distinct enactments or sections of the statute dealing with rape and with the carnal knowledge and abuse of a female child under the age of consent. The former, § 10124, defines the offense of rape as an act of sexual intercourse with a female of ten years or upwards not the wife of the perpetrator, committed against her will or without her consent, and then names, in five distinct paragraphs, conditions or circumstances under which the offense may occur. The first indictment selected the fourth paragraph, where the act is accomplished when the female's resistance is prevented by stupor produced by intoxicants administered by or with consent of defendant. It is also to be noted that the highest punishment for any offense committed under this section is imprisonment in the state penitentiary for 30 years, whereas under § 10125 the punishment is to be fixed with reference to whether the victim is above or below a certain age. If the child is under the age of ten years the punishment is imprisonment for life. As we see it, an answer to the first question certified disposes of the appeal. For if defendant under the above indictment for rape could have been convicted of carnal knowledge and abuse of this 14-year old female child, the plea of former jeopardy was available no matter what the court's charge was or how the acquittal was arrived at.

Could defendant have been convicted under the first indictment of the crime of carnal knowledge and abuse of a female child under the age of 18 years?

1 Wharton, Criminal Law (12 ed.) § 684, reads: "By statute the carnal abuse or knowledge of a female child under a specified age, with her consent, is made a statutory crime, which constitutes a new and distinct offense from the ordinary crime of rape. Some of the cases—they are a minority, and not supported by the better reason—hold that there is but one crime denounced. In those jurisdictions where the better rule prevails and the statute is held to create a distinct crime, on an indictment for rape the accused cannot be convicted of the statutory offense, and *vice versa."*

It is to be noted that whereas under § 10124 there appears to be no degree of the crime although five different conditions or circumstances are specified which constitute rape, in § 10125 there really are three degrees of carnal knowledge and abuse of a female child under the age of consent, the lowest degree being where the victim is more than 14 years and less than 18 years. In Ohio the two statutes are essentially the same as ours, and in State v. Corwin, 106 Ohio St. 638, 639, 140 N. E. 369, the court dealt with an identical case, the defendant having been tried and acquitted of rape with force and violence upon A. S., a female under 16 years of age, was again indicted for the crime of carnally knowing said A. S. with her consent. His plea of former jeopardy was sustained by the trial court, but, upon appeal, was reversed. The court referred to a prior case of State v. Rose, 89 Ohio St. 383, 386, 387, 106 N. E. 50, L. R. A. 1915A, 256, where the constitutional inhibition of putting a person twice in jeopardy for the same offense (art. 1, § 7, of our constitution has the same language) was considered and held:

"The words 'same offense' mean same offense, not the same transaction, not the same acts, not the same circumstances or same situation. * * * The usual test accepted by the text-writers on criminal law and procedure is this: If the defendant upon the first charge could have been convicted of the offense in the second, then he has been in jeopardy."

The court in the Corwin case said [106 Ohio St. 639]:

"The offense charged in the second indictment is clearly and convincingly not the same offense as charged in the first indictment.

It is under an entirely different statute, and can in no wise be regarded as an included offense, for that under the statute relates to degrees of crime."

Among the cases cited by Wharton as supporting what is termed the better rule we refer to Vassar v. State, 55 Ala. 264; Warner v. State, 54 Ark. 660, 17 S. W. 6; Greer v. State, 50 Ind. 267, 19 Am. R. 709; Bonner v. State, 65 Miss. 293, 3 So. 663; State v. Johnson, 100 N. C. 494, 6 S. E. 61; State v. Wheat, 63 Vt. 673, 22 A. 720.

In the first indictment there was no allegation as to the age of defendant's victim or that she was under the age of consent—an essential ingredient of the crime under § 10125. Whether the court erred in rulings or instructions in the trial of the first indictment is of no importance. If under that indictment he could have been found guilty of carnal knowledge and abuse of the female named therein, he was in jeopardy. If there was no jeopardy of a conviction thereunder of the crime denounced by § 10125, he must stand trial under the second indictment.

The only case directly to the contrary is State v. Dye, 81 Wash. 388, 142 P. 873. There defendant was tried on an information charging him with having carnally known and abused a female child between the ages of 10 and 15 years, and when the state rested defendant's motion to dismiss was granted. Subsequently defendant was placed on trial upon an information charging him with forcibly overcoming the resistance of the same female and against her will and without her consent having sexual intercourse with her, she being a female child above the age of 10 years, to-wit: the age of about 15 years, to which he interposed the plea of former acquittal. On appeal the supreme court sustained the plea and directed the trial court to dismiss the case. The court remarked that under the second information there is an allegation of all the facts necessary to allege to convict under the section of the statute defining the offense of carnal knowledge and abuse, because it was averred that the female was about 15 years of age. Such was not the instant case. The indictment in Henson v. State, 76 Ark. 267, 88 S. W. 965, alleged forcible ravishment of a child under the age

of consent. This is not contrary to Warner v. State, *supra*. People v. McDaniels, 137 Cal. 192, 69 P. 1006, 59 L. R. A. 578, 92 A. S. R. 81, is a case dealing with an indictment for assault to commit murder which was held barred by a former conviction for battery for the same act. In State v. Worden, 46 Conn. 349, 33 Am. R. 27, it was held possible to commit the crime of rape upon a child under 10 years of age. The reasoning in Yates v. Commonwealth, 211 Ky. 629, 277 S. W. 995; Eads v. Commonwealth, 162 Ky. 89, 172 S. W. 104; and Young v. Commonwealth, 96 Ky. 573, 29 S. W. 439, cited by defendant, sustains his contention in that, in that state, it is the established law that carnal knowledge and abuse of a female child under the age of consent is included in the crime of rape but of a lesser degree. People v. Gibson, 232 N. Y. 458, 134 N. E. 531, does not seem to have any particular bearing on the questions certified. Nor do we think State v. Edy, 117 Or. 430, 244 P. 538, supports defendant's contentions. We of course have in mind the provision of 2 Mason Minn. St. 1927, § 9966, reading:

"Whenever a defendant shall be acquitted or convicted upon an indictment for a crime consisting of different degrees, he cannot thereafter be indicted or tried for the same crime in any other degree, nor for an attempt to commit the crime so charged, or any degree thereof."

As already pointed out, seemingly § 10124 has no degrees of rape although it specifies five distinct circumstances or conditions, each of which constitute rape carrying the same penalty. Section 10125 might be said to designate a crime of three different degrees, the highest carrying a heavier penalty than any form of rape under § 10124. Nor do we think § 10132 is of much importance here. While it might be said its language connects it with § 10124 so that therefore it denounces a crime of lesser degree of the same sort as § 10124, there is no such language in § 10132 connecting it with § 10125. We cannot see that 2 Mason Minn. St. 1927, §§ 10698 and 10699, cited by defendant, aids us here.

Having come to the conclusion that the first question certified should be answered in the affirmative and that thereby an answer

to the second question becomes immaterial, the trial court correctly struck out defendant's plea of former acquittal and jeopardy.

The case is remanded for further proceedings according to law.