Taft, J.
The Court of Appeals refused to sustain defendant’s contention in that court that the trial court erred in deter *91 mining, when it overruled defendant’s motion for a directed verdict at the close of all the evidence, that there was sufficient evidence to support a verdict finding defendant guilty of the crime specified in Section 2905.02, Revised Code, herein referred to as ‘ ‘ aggravated rape, ’ ’ which reads in part:
“No person shall have carnal knowledge of his daughter, sister, or a female person under 12 years of age, forcibly and against her will. Whoever violates this section shall be imprisoned for life.”
Defendant contends that, as a matter of law, there is not sufficient evidence to establish beyond a reasonable doubt that defendant had carnal knowledge of his daughter “forcibly and against her will” within the meaning of those words as used in that statute.
In the majority opinion of the Court of Appeals, it is stated that “if force [and “against her will”?] is a necessary element in this case, and if it is not presumed by reason of the age of the girl, ten years, and the relationship, then there is not sufficient evidence in the case to convict the defendant by evidence beyond a reasonable doubt”; and that “the testimony indicates that whatever was done [to defendant’s daughter] was done with her consent, if she was capable of giving consent at her age.” Also, in the minority opinion it is stated that, as to “the jury’s determination that the defendant’s carnal knowledge of his daughter was ‘forcibly and against her will,’ * * * there is not sufficient evidence in law to prove the same beyond a reasonable doubt. ’ ’
We agree with the apparent conclusions of the three judges of the Court of Appeals, indicated by the foregoing statements, that there is as a matter of law insufficient evidence to support a finding that defendant’s carnal knowledge of his daughter was “forcibly and against her will.” On the contrary, the evidence indicates rather clearly that anything that defendant did do with his daughter was with her consent.
In the absence of proof beyond a reasonable doubt that defendant’s carnal knowledge of his daughter was “forcibly and against her ■will,” it would seem to follow that an essential ele *92 ment of the crime of aggravated rape specified in Section 2905.02, Revised Code, would be missing from the evidence.[2]
The words of Section 2905.02, Revised Code (see also Section 2905.01, Revised Code), specify that the “carnal knowledge” thereby prohibited must be such as is “against” the “will” of the victim. It might reasonably be argued therefore that there could not be a rape under those statutes of one who, by reason of immaturity, had no will, because nothing could be done against such nonexistent will. However, as pointed out in the note in 80 Am. Dec., 361, to Smith v. State, 12 Ohio St., 466, “the more accurate definition [of rape] will contain ‘without her consent’ rather than ‘against her will.’ ” See 44 American Jurisprudence, 902, Section 2. If the words, “against her will,” in our rape statutes, are read as though they meant “without her consent, ” then immaturity of the victim may prevent her consent from existing; and it can then be reasonably held that, where the victim does not consent because mentally incapable of consent, the carnal knowledge is “against her will.” That was, in effect, a holding in O’Meara v. State, 17 Ohio St., 515, and in Moore v. State, 17 Ohio St., 521. See Bunn v. State, 45 Ohio St., 249, 253, 12 N. E., 826. See also 44 American Jurisprudence, 906, Section 9 (indicating that carnal knowledge of unconscious woman may be rape). That our General Assembly intended the words “against her will” to mean “without her consent” is also indicated by Section 2905.03, Revised Code, which defines what is herein referred to as “ statutory rape ’ ’ and which reads in part:
“No person 18 years of age or over shall carnally know and abuse a female person under the age of 16 with her consent. ’ ’
Thus, instead of merely leaving out of that statute the words “against her will,” the General Assembly inserted in their place “with her consent,” thereby indicating that it regarded the words specifying the essential element, “against her *93 will,” as meaning “without her consent.” Such a conclusion is supported by State v. Carl, 71 Ohio St., 259, 73 N. E., 463, holding that proof of carnal knowledge “without consent does not constitute a fatal variance” from an indictment for statutory rape under what is now Section 2905.03, Revised Code. See also State v. Hensley, 75 Ohio St., 255, 79 N. E., 462, 116 Am. St. Rep., 734, holding prosecution not required to elect whether to proceed on count under what is now Section 2905.01, Revised Code (“against the will”), or count under what is now Section 2905.03, Revised Code (“with consent”), and Snyder v. State, 92 Ohio St., 167, 110 N. E., 644, indicating that “consent” of the victim is not “an essential element” of the crime of statutory rape now specified in Section 2905.03, Revised Code.[3]
There have been some broad statements with respect to the effect of Section 2905.03, Revised Code. Thus, paragraph four of the syllabus of Radke v. State, 107 Ohio St., 399, 140 N. E., 586, states that “a female child under 16 years of age is made by statute incapable of consent to any sexual relation.” See also Snyder v. State, supra (92 Ohio St., 167, 171), the •opinion in State v. Schwab, 109 Ohio St., 532, 540, 143 N. E., 29, and the view of minority set forth in State v. Labus, 102 Ohio St., 26, 35, 130 N. E., 161. But see State v. Corwin, 106 Ohio St., 638, 140 N. E., 369. If that represents a correct statement of law, then, of course, it was unnecessary in the instant case for the state to offer any evidence tending to prove that defendant’s daughter either could not or did not consent to his carnal knowledge of her or that such carnal knowledge was “against her will.” However, the incorrectness of such a broad *94 statement is at once apparent on examination of the very statute upon whose words it was and is supposed to be based. A male under 18 may commit the crime of rape as it is now defined in Section 2905.01, Revised Code, herein referred to as “ordinary rape.” Hiltabiddle v. State, 35 Ohio St., 52, 35 Am. Rep., 592. Therefore, if the broad statement in paragraph four of the syllabus of the Badhe case represents a completely correct statement of the law, then it would have been foolish for the General Assembly to establish the age of one charged with the crime of statutory rape now specified in Section 2905.03, Revised Code, as being 18 or over, because the carnal knowledge of one under 16 would always be “without consent” and therefore “against the will” of the victim and hence would represent the crime of ordinary rape now specified in Section 2905.01, Revised Code (“carnal knowledge of any female * * * forcibly and against her will”).[4]
In a jurisdiction having a statute defining statutory rape as does Section 2905.03, Revised Code, but without the requirement of that statute that the male be 18 or over, the broad statement in paragraph four of the syllabus of the Badhe case would undoubtedly represent a correct statement of the law. See 44 American Jurisprudence, 912, 913, Sections 17 to 19, inclusive, *95 and note in 80 Am. Dec., 361, 375. However, in view of that 18-year requirement, it is obvious that the statement in paragraph four of the syllabus of the Radke case must be read as limited in its application to a case such as that case where the defendant was over 18. The same may be said with respect to the similar statements in the opinion by the court in Snyder v. State, supra (92 Ohio St., 167).
In O’Meara v. State, supra (17 Ohio St., 515), at a time when what is now Section 2905.03, Revised Code, prohibited carnal knowledge of a female under ten by a male 17 or over, the defendant, aged 15, was indicted for an assault with intent to commit rape on a girl between 8 and 9. Part of the basis for the court’s decision is indicated in the opinion of Welch, J., at page 519, where it is said:
“* * * the verdict of the jury was contrary to evidence, and * * # the court should have allowed a new trial upon that ground. The testimony satisfies us that she had quite intelligence enough and knowledge enough to enable her to understand substantially the nature of the act attempted, and to render her actual consent inconsistent with the legal idea of an assault. Had the defendant been over 17 years of age, and had the act been consummated, we have no doubt but the defendant would have been guilty of ‘carnally knowing and abusing her with her consent.’ The legal idea of ‘consent’ in the one case is the same as in the other; and if its presence in the one works a conviction of carnal knowledge and abuse, its presence in the other must work an acquittal of rape, or assault with intent to commit a rape.”
*96 See also Smith v. State, supra, 470 (12 Ohio St., 466), indicating that a child under ten (then the so-called age of consent under what is now Section 2905.03, Revised Code) might in some instances legally consent to carnal knowledge; and State v. Corwin, supra (106 Ohio St., 638), holding that acquittal on indictment for ordinary rape with force and violence upon female under 16 not sufficient to support plea of former jeopardy to indictment for same act as crime of statutory rape under what is now Section 2905.03, Revised Code.
The other basis for the decision in the O’Meara case is indicated by the part of the syllabus which reads:
“4. The presumption of the law is, that a female child under the age of ten years is incapable of giving consent to an act of carnal knowledge, or of assault with intent to commit the act; but the presumption may be rebutted by proof that she understood the nature of the act committed or intended.”
In the opinion, it is stated at page 518:
“The first proposition of the charge was, that a female under the age of ten years is presumed incapable of consenting to an act of carnal knowledge, or any assault with intent to commit the act. We hold this to be the law of the case. It seems to have been at all times the rule of the common law. True, it is an arbitrary rule * * *. All will admit, however, the necessity of some such rule. Some age must be agreed upon below which no child would be deemed capable of giving that intelligent consent which would * * # be any excuse * * * of an act of carnal knowledge * * *. Ten years is, perhaps, as safe as any age that can be fixed upon. The strict rule will hardly ever be actually resorted to in practice, because in almost all eases there will be some evidence, pro or con, to show the actual degree of intelligence of the child; and in all cases it will be a question of fact for the jury, whether the child did. in fact understand the nature of the act. Of course the presumption grows weaker and weaker as the child approximates the age of ten, amounting to little more than a nominal presumption during the latter part of the period.”
Since defendant’s daughter was ten, paragraph four of the syllabus in O’Meara v. State, supra (17 Ohio St., 515), can have *97 no application in the instant case, and it is therefore unnecessary for ns to consider, and we express no opinion, as to whether it represents a correct statement of the law. But see Smith v. State, supra (12 Ohio St., 466), and 44 American Jurisprudence, 913, Section 19. Thus, in order to convict defendant of the crime of aggravated rape specified in Section 2905.02, Revised Code, it was necessary to establish, by proof beyond a reasonable doubt, either (a) that defendant’s carnal knowledge of his daughter was “against her will,” i. e., without her consent, or possibly (b) that the daughter did not have such knowledge about the nature of the act of sexual intercourse as girls of the age of ten usually have. There is no such proof in the record of this case.
It follows that the trial court should not have submitted to the jury the question whether defendant was guilty of the crime of aggravated rape specified in Section 2905.02, Revised Code. However, this does not require the discharge of the defendant. Section 2945.79, Revised Code, reads so far as pertinent:
“ * * * if the evidence shows the defendant is not guilty of the degree of crime for which he was convicted, but guilty of a lesser degree thereof, or of a lesser crime included therein, the court may modify the verdict or finding accordingly, without granting or ordering a new trial, and pass sentence on such verdict or finding as modified, provided that this power extends to any court to which the cause may be taken on appeal.”
Also, Section 2945.74, Revised Code, reads so far as pertinent:
“ * * * When the indictment * * * charges an offense, including different degrees, or if other offenses are included within the offense charged, the jury may find the defendant not guilty of the degree charged but guilty of an inferior degree thereof or lesser included offense.”
We are therefore confronted with the question whether “the evidence shows the defendant is * * * guilty of a lesser degree * * * [of] or of a lesser crime included” in the “crime for which he was convicted.”
Section 2905.07, Revised Code, describing the crime of incest, reads in part:
*98 “No persons, being nearer of kin, by consanguinity or affinity, than cousins, having knowledge of such relationship, shall commit adultery or fornication together.”
In State v. Labus, supra (102 Ohio St., 26), this court held that “the crime of incest” was “not included within the crime of rape as being one of an inferior degree to [aggravated] rape” under what is now Section 2905.02, Revised Code. After the decision in the Labus case, the General Assembly amended what are now Sections 2545.74 and 2545.79, Revised Code, to provide, as they now do, not only for a “lesser degree” of the crime for which a defendant was convicted but also for “a lesser crime included therein.”
In paragraph two of the syllabus of State v. Hreno, 162 Ohio St., 193, 122 N. E. (2d), 681, it is stated:
“An offense is a lesser included offense, where all the elements of such offense are present with others in the offense charged in an indictment. ’ ’
See also paragraph two of the syllabus of State v. Kuchmak, 159 Ohio St., 363, 112 N. E. (2d), 371.
Admittedly, a daughter is “nearer of kin, by consanguinity * * * than” a cousin. However, it is not stated in the indictment that defendant had “knowledge of” any “relationship” to his daughter. Hence, it is apparent that an essential element of the offense of incest (see 27 American Jurisprudence, 291, Section 7), as specified in Section 2905.07, Revised Code, is both missing from the allegations of the indictment and also is not specified as an essential element of the crime of aggravated rape, described in Section 2905.02, Revised Code.
Although our statutes have specified such “knowledge” as an essential element of the crime of incest at least since 1835, they have never specified knowledge of a victim’s relationship to a defendant or of the victim’s age as an essential element of the aggravated rape now described in Section 2905.02, Revised Code. See the Act of March 7, 1835, defining incest in Section 8 and defining in Section 4 the aggravated rape now specified in Section 2905.02, Revised Code. 33 Ohio Laws, 34, and amendment thereto in 72 Ohio Laws, 93. See also 44 American Jurisprudence, 926, Section 41, indicating that, under statutes mak *99 ing carnal knowledge of a female under a certain age a crime, knowledge of such age is not an essential element of the crime.
Hence, we are of the opinion that the crime of incest, specified in Section 2905.07, Revised Code, is, within the meaning of Sections 2945.74 and 2945.79, Revised Code, neither “a lesser degree of,” as held in State v. Labus, supra (102 Ohio St., 26), nor “a lesser crime included” in the crime of aggravated rape specified in Section 2905.02, Revised Code.
In the instant case, it cannot be argued seriously that defendant did not know about his relationship to the daughter that he is charged with raping. However, although it is not necessary to aver knowledge of such relationship in an indictment for the aggravated rape on a daughter described in Section 2905.02, Revised Code, knowledge by the defendant at the time of the offense, that his relationship to the one with whom he has sexual intercourse is nearer than that of a cousin, is an essential element of the crime of incest described in Section 2905.07, Revised Code. That knowledge is not alleged in the indictment in the instant case. In paragraph three of the syllabus of State v. Cimpritz, 158 Ohio St., 490, 110 N. E. (2d), 416, it is said:
“If any material element or ingredient of an offense, as defined by statute, is omitted from an indictment, such omission is fatal to the validity of the indictment.”
It is true in the instant case that, on the facts disclosed by the record, what defendant apparently did probably amounted not only to statutory rape under Section 2905.03, Revised Code, but also to incest under Section 2905.07, Revised Code. However, in paragraph six of the syllabus of State v. Cimpritz, supra (158 Ohio St., 490), it is said:
“A judgment of conviction based on an indictment which does not charge an offense is void for lack of jurisdiction of the subject matter and may be successfully attacked either on direct appeal to a reviewing court or by a collateral proceeding.”
As indicated in the opinion in State v. Corwin, supra, 640 (106 Ohio St., 638), the problems, with which we have been confronted in the review of this case, could have been avoided by an indictment containing an additional count for statutory rape *100 under Section 2905.03, Revised Code, and an additional count for incest under Section 2905.07, Revised Code. Because it does not contain such additional counts, it has been necessary for us to consider whether the indictment as drawn can be said to charge those crimes either as lesser degrees of or as lesser crimes included in the crime of rape of a daughter that is specified in Section 2905.02, Revised Code.
In reaching this conclusion, we do not intend to express any opinion as to whether the indictment in the instant case could have supported a conviction for incest if it had, without any additional count, included an allegation that defendant had “knowledge of” his “relationship” to his daughter.
An essential element of the crime of statutory rape specified in Section 2905.03, Revised Code (carnal knowledge with consent), is an age of 18 or over of the defendant. Even the short form of indictment for that crime suggested in Section 2941.07, Revised Code, includes an averment that the defendant was 18. That is not specified in Section 2905.02, Revised Code, as an essential element of the crime of aggravated rape for which defendant was convicted and sentenced in the instant case. Hence, it is reasonably arguable that the crime of statutory rape specified in Section 2905.03, Revised Code, is not a “lesser crime included” in the crime of aggravated rape specified in Section 2905.02, Revised Code. However, in view of our conclusion that an indictment for the crime of aggravated rape specified in Section 2905.02, Revised Code, may properly contain material averments, as does the indictment in the instant case, which set forth all the essential elements of the crime of statutory rape specified in Section 2905.03, Revised Code, and in view of our conclusion that the latter crime represents a lesser degree of rape than does the former, we deem it unnecessary to determine whether the Section 2905.03 crime of statutory rape may also be a “lesser crime included” in the Section 2905.02 crime of aggravated rape.
A reading of the Revised Code might indicate some doubt as to whether the crime of statutory rape specified in Section 2905.03, Revised Code, is a “lesser degree of” the crime of aggravated rape specified in Section 2905.02, Revised Code. *101 Thus, although the titles of Sections 2905.01 (describing ordinary rape) and 2905.02, Revised Code, indicate that the crimes specified therein represent degrees of the crime of “rape,” there is nothing in the words of either of those two statutory sections or in Section 2905.03, Revised Code, or even in the title of the latter statutory section to indicate that any of the crimes specified in those three statutory sections represents the crime of “rape.”
Section 1.24, Revised Code, which was added to the Revised Code at the time of its enactment by the General Assembly, reads:
“That in enacting this act it is the intent of the General Assembly not to change the law as heretofore expressed by the section or sections of the General Code in effect on the date of enactment of this act. The provisions of the Revised Code relating to the corresponding section or sections of the General Code shall be construed as restatements of and substituted in a continuing way for applicable existing statutory provisions, and not as new enactments.”
Sections 2905.01 to 2905.03, inclusive, Revised Code, merely represent recodifications of Sections 12413 and 12414, General Code. Although the words of those sections of the General Code do not, the titles thereto, which were a part of the General Code as enacted by the General Assembly in 1910, specifically do state that each of the crimes now specified in Sections 2905.01 to 2905.03, inclusive, represents the crime of “rape.” Sections 12413 and 12414, General Code, represented recodifications of Sections 6816 and 6817, Revised Statutes, the words of which expressly state that each of the crimes now specified in Sections 2905.01 to 2905.03, inclusive, Revised Code, represents the crime of “rape.” The words of enactments of the General Assembly, from which those sections of the Revised Statutes were developed and derived, likewise expressly indicate that each of the crimes now specified in Sections 2905.01 to 2905.03, inclusive, Revised Code, was intended by the General Assembly to represent the crime of rape; and, at least since 1902, the lesser degrees of rape have been definitely indicated, as they now are in the Revised Code, by lesser penalties. See 33 Ohio *102 Laws, 33; 72 Ohio Laws, 93. See also 84 Ohio Laws, 65; 91 Ohio Laws, 61; 92 Ohio Laws, 54; and 95 Ohio Laws, 344. See Jones v. State, supra (54 Ohio St., 1), and State v. Hensley, supra, 268 (75 Ohio St., 255).
Obviously, the penalty of one to twenty years in the penitentiary or six months in the county jail or workhouse for the crime of statutory rape specified in Section 2905.03, Revised Code, and the penalty of life imprisonment for the crime of aggravated rape specified in Section 2905.02, Revised Code, indicate that the former is a lesser degree of the crime of rape than the latter.
The essential elements of the crime of statutory rape specified in Section 2905.03, Revised Code, are (1) carnal knowledge (2) of a female under 16 (3) by a person over 18. As hereinbefore pointed out, the specification that the carnal knowledge be “with her consent” does not require proof of such consent but merely eliminates any necessity of proving that the carnal ' knowledge was “against her will,” i. e., without her consent. It is apparent that all the essential elements of the crime of statutory rape specified in Section 2905.03, Revised Code, are averred with others in the offense charged in the indictment in the instant case, if it can be said that the facts stated in the indictment indicate with reasonable certainty (see State v. Joseph, 115 Ohio St., 127, 131, 152 N. E., 186; State v. Zurhorst, 75 Ohio St., 232, 239, 79 N. E., 238, 116 Am. St. Rep., 724; and 27 American Jurisprudence, 619, Section 51) the age of defendant at the time of the offense as 18 or over. In such an instance, the facts stated will represent statements equivalent to a statement that defendant was 18 or over and will sufficiently state that essential element of the crime. See State v. Brown, 47 Ohio St., 102, 108, 23 N. E., 747, 21 Am. St. Rep., 790. See 27 American Jurisprudence, 660, Section 101.
The indictment charges that defendant’s daughter was ten at the time of the crime charged and the evidence shows without dispute that she was. If ten, and if her father was then under 18, he would have had to be under eight when she was born. This court can take judicial notice that it is reasonably, if not absolutely, certain that a boy cannot become a father at eight, *103 and hence it is averred with reasonable certainty in the indictment that defendant was 18 or over at the time of the crime charged.
It may be suggested that, to construe the indictment in the instant case as charging not only the crime of aggravated rape specified in Section 2905.02, Revised Code, but also the crime of statutory rape specified in Section 2905.03, Revised Code, would be to give effect to averments in an indictment which represent surplusage therein and to encourage improper duplicity in the preparation of indictments.
This court has recognized that, where a single offense may be committed in any one of two or more different ways, a count is not duplicitous which charges the commission of the offense conjunctively in two ways, provided there is no repugnancy between the ways charged. Hale v. State, 58 Ohio St., 676, 51 N. E., 154; State v. Schultz, 96 Ohio St., 114, 117 N. E., 30; State v. Conner, 30 Ohio St., 405, 406. See 27 American Jurisprudence, 665, 684, Sections 104, 124.
The essential elements of the crime of aggravated rape specified in Section 2905.02, Revised Code, are (1) carnal knowledge (2) against the will of, i. e., without the consent of, (3)3 either (I) a daughter (II) a sister or (III) a female under 12. In the instant ease, the indictment, apparently drawn pursuant to Section 2941.07, Revised Code, providing for suggested short forms of indictments, in effect avers such carnal knowledge of a daughter ten years old. If the evidence established such carnal knowledge of either a daughter or of a ten-year-old female, it would support a conviction. There is no repugnancy between an averment that the victim was a daughter of defendant and an averment that she was ten. Obviously both averments may be true at the same time. Under the foregoing authorities the indictment in the instant ease would not be duplicitous because it alleged in effect that such carnal knowledge was of a daughter and of a female of ten. Obviously, proof of either the averment that the victim was a daughter or the averment that she was ten would establish an essential element of the crime and therefore neither averment represents surplusage in the indictment. Hence, in charging the crime of aggravated rape speci *104 fied in Section 2905.02, Revised Code, it was proper in the instant case to aver in the indictment that the victim was a daughter of defendant and was ten. Those material averments indicate with reasonable certainty that defendant must have been 18 or over at the time of the offense with which he is charged. The evidence discloses without dispute that he was much older than 18.
We conclude, therefore, that the crime of statutory rape specified in Section 2905.03, Revised Code, represents “a lesser degree” of the “crime for which” defendant “was convicted,” i. e., the crime of aggravated rape specified in Section 2905.02, Revised Code, within the meaning of those words as used in Section 2945.79, Revised Code; and that the indictment in the instant case properly avers not only all the essential elements of the crime for which defendant was convicted but also of that lesser degree thereof.
It follows that this court is authorized by Section 2945.79, Revised Code, to modify the verdict to one of guilty of the crime of statutory rape specified in Section 2905.03, Revised Code, without granting or ordering a new trial.
We do not believe that this conclusion is inconsistent with either the syllabus or the decision in State v. Corwin, supra (106 Ohio St., 638) (but compare that decision with paragraphs three and four of the syllabus of Mitchell v. State, 42 Ohio St., 383), although we recognize that it cannot be reconciled with some of the statements in the opinion in that case. The report of the Corwin case does not indicate that the first indictment involved in that case contained any statement that the defendant was 18 or over, or, as in the instant case, any statements indicating with reasonable certainty that he was 18 or over. Hence, the first indictment in that case, unlike the indictment in the instant ease, failed to state an essential element of the crime of statutory rape' specified in Section 2905.03, Revised Code.
Since the indictment in the instant case does properly aver all the essential elements of a lesser degree of the crime of rape than that for which defendant was convicted, it is unnecessary for this court to determine and we express no opinion as to whether, if it had not averred some essential element of thatf^ *105 lesser degree of rape, it could, under Section 2945.79, Revised Code, support a conviction for such lesser degree (see Snyder v. State, supra [92 Ohio St., 167], tending to indicate it could), and whether Section 2945.79, Revised Code, would then authorize this court to modify the verdict to one of guilty of such lesser degree of rape.
What we have said disposes of most of defendant’s assigned errors. As to the others, we believe that, largely because of defendant’s confession, the evidence in the instant case as to / defendant’s commission of the offense of statutory rape specified in Section 2905.03, Revised Code, is substantially in favor of the state. Cf. State v. Sheppard, 165 Ohio St., 293, 303, 135 N. E. (2d), 340. Although defendant denied the truth of the facts staffed in his confession, the two witnesses thereto testified positively that those facts were written down as defendant stated them and that defendant voluntarily stated them and signed the confession after it was accurately read to him. Unlike defendant, they had no apparent motive not to testify truthfully and no reason is apparent for doubting their testimony. Hence, it is difficult to understand how defendant may have been prejudiced by the other matters of which he complains, even if we assume that any of those matters involved error. If the jury believed defendant’s confession, as it apparently did, it could not reasonably have failed to find defendant guilty of the offense of statutory rape which is specified in Section 2905.03, Revised Code, and is described with reasonable certainty by the averments of the indictment.
The verdict should therefore be modified to a verdict of guilty of statutory rape under Section 2905.03, Revised Code. The judgment of the Court of Appeals is therefore reversed, and the cause is remanded to the Common Pleas Court for further proceedings.
Judgment reversed.
Matthias, Bell and Herbert, JJ., concur.
Zimmerman, J., concurs in the judgment.

As to the complained of absence from the indictment of any specification that .defendant did anything “against” the “will” of his daughter, see the statutory provision for suggested short form indictments in Section 2941.07, Revised Code,

To the extent that Smith v. State, supra (12 Ohio St., 466), may be regarded as holding that consent of the victim is an essential element of the crime of statutory rape now specified in Section 2905.03, Revised Code, it is inconsistent with the later holdings of this court in State v. Carl, supra (71 Ohio St., 259), and Snyder v. State, supra (92 Ohio St., 167). This inconsistency may be merely the result of the extreme technicality required in the averments of an indictment when the Smith case was decided in 1861. For another indication of the tendency of this court in later cases to consider substance rather than mere formal technicalities in construing an indictment, compare Howard v. State, 11 Ohio St., 328, with Jones v. State, 54 Ohio St., 1, 42 N. E., 699. See also State v. Schultz, 96 Ohio St., 114, 122, 117 N. E., 30.

 Prior to, although probably not after, their amendment in 1902 (95 Ohio Laws, 344, specifying a lesser penalty for carnal knowledge of a “female under 16 * * * with her consent” than for other degrees of rape), a literal interpretation of the sections of the Revised Statutes with respect to rape might reasonably have led to the conclusion that a defendant, 18 or over, could have been guilty thereunder of the aggravated rape now described in Section 2905.02, Revised Code, even without proof that the carnal knowledge was against the will of his victim. Thus, Section 6816, Revised Statutes, stated in effect that carnal knowledge either (1) forcibly and against the will of the victim or (2) of a female under ten (later raised to 14 and then to 16) by one 17 (later raised to 18) or over was “rape”; and Section 6817, Revised Statutes, specified life imprisonment for rape of a daughter, sister or female.under 12 (such rape might under Section 6816 apparently have been statutory rape, i. e., carnal knowledge of one under ten by one 17 or over with consent of the victim) and imprisonment of three to 20 years for “rape upon any other female.” However, the words of our statutes prior to their codification in the Revised Statutes could not have supported such a conclusion. Thus, Section 4 of the Act of March 7, 1835, *95 with respect to crimes (33 Ohio Laws, 33) as amended (72 Ohio Laws, 93) specified that carnal knowledge of a daughter or sister or of one under 12 “forcibly and against her will” was rape punishable by life imprisonment; and Section 5 specified that carnal knowledge forcibly and against her will of someone else or carnal knowledge of one under ten by one 17 or over was rape punishable by imprisonment for three to 20 years. Likewise, the words used in Sections 12413 and 12414, General Code, with respect to the various degrees of the crime of rape, clearly indicate that, even where the victim was under 12, a defendant could not have been convicted of the aggravated rape, now described in Section 2905.02, Revised Code, without proof that the carnal knowledge was against the will of his victim.