Dodge, Plaintiff in error, vs. The State, Defendant in error.

*May 27 — June 23, 1898.*

*Rape: Age of consent: Evidence.*

1. In a prosecution for carnally knowing and abusing a female under the age of fourteen years, the prosecutrix may testify as to her own age.

2. The story of the prosecutrix in such a case being corroborated with more or less force by numerous small circumstances, and there being no doubt that an offense had been committed, and nothing tending to show even an opportunity on the part of any other person to accomplish the act, a conviction will not be disturbed, even though the girl's story was in some respects remarkable, and was denied by the defendant, and she had told contradictory stories, where she testified, with some corroboration, that they were told by direction of the defendant.

Error to review a judgment of the circuit court for Oconto county: S. D. Hastings, Jr., Circuit Judge. *Affirmed.*

This was a prosecution for carnally knowing and abusing a girl under the age of fourteen years, under sec. 4382, S. & B. Ann. Stats., as amended by sec. 1, ch. 370, Laws of 1895. The age of the prosecutrix was proven, against objection, by the oath of the prosecutrix herself, and there was no other direct evidence as to her age. The evidence showed that the prosecutrix lived with the plaintiff in error and his wife in a small house from the fall of 1893 until July, 1896, her mother living at the same place for a year, and then leaving her with the plaintiff in error, and that she was practically a foster child. She was delivered of a fully-developed infant, July 13, 1896, which died at birth, and she testified that the plaintiff in error had criminal connection with her frequently in the fall of 1895, and that she had not had connection with any other man. The plaintiff in error denied the charge, and a verdict of guilty was rendered by the jury, and to reverse the judgment rendered upon the verdict a writ of error was sued out.

The cause was submitted for the plaintiff in error on the brief of *A. Reinhart*, and for the defendant in error on that of the *Attorney General*.

To the point that clear and distinct evidence should be given that the prosecutrix is under the age of consent, counsel for the plaintiff in error cited 1 Colby, Crim. Law, 693; Archbold, Crim. Pr. & Pl. 1020; 19 Am. & Eng. Ency. of Law, 959; *Lawrence v. State*, 32 S. W. Rep. 539.

Counsel for the defendant in error argued, among other things, that the testimony of the prosecutrix as to her own age was properly admitted. 1 Greenl. Ev. §§ 103, 104; *Bain v. State*, 61 Ala. 75; *Cherry v. State*, 68 id. 29; 2 Jones, Ev. § 303; 1 Wharton, Ev. § 208; *Cheever v. Congdon*, 34 Mich. 296; *Morrison v. Emsley*, 53 id. 564; *Houlton v. Manteuffel*, 51 Minn. 185; *Hill v. Eldridge*, 126 Mass. 234; *Comm. v. Stevenson*, 142 id. 466; *State v. Best*, 108 N. C. 747; *State v. McClain*, 49 Kan. 730. There was no testimony to contradict this, and the necessary result is that this stands as competent and therefore sufficient to establish the age of the prosecutrix at less than the age of consent.

WINSLOW, J. Two questions are raised: (1) That the evidence of the prosecutrix as to her own age and the date of her birth was not competent; and (2) that the entire evidence was insufficient to sustain the verdict.

1. It was intimated, but not decided, in *Hart v. Stickney*, 41 Wis. 631, that a witness might testify as to his own age. The intimation was certainly in accord with the great weight of authority, and we now hold affirmatively that such testimony is competent. *Comm. v. Stevenson*, 142 Mass. 466; 2 Jones, Ev. § 303.

2. Perusal of the testimony convinces us that there was sufficient evidence to sustain the verdict. This is not a case where it is doubtful whether the act of carnal intercourse took place. That fact is settled, as well as the time at which

it took place, by the fact of the birth of a full-grown infant. The only question, therefore, was as to its paternity. It is true that the girl had told some contradictory stories upon this question, but she now testifies that they were told by direction of the plaintiff in error, and there is evidence in the case which seems to render this statement not improbable. It is true, also, that the girl's story is in some respects remarkable, and that it is denied by the plaintiff in error; but, on the other hand, there are numerous small circumstances in evidence which tend, with more or less force, to substantiate the girl's story, and there is an absolute lack of testimony tending to show even opportunity on the part of any other person to accomplish the act. It would scarcely be useful to state the evidence in detail.

*By the Court.*— Judgment affirmed.