STATE OF IOWA V. L. P. SCROGGS, Appellant.

Rape: INDICTMENT: ALLEGATIONS OF FORCE.   Where an indict-
1   ment for an assault with intent to commit rape charges that the female was under the age of consent, allegations of force are treated as surplusage.

Evidence: WITHDRAWAL.   Certain evidence as to the age of prose-
2   cutrix, erroneously received over objection, was subsequently withdrawn and the jury cautioned in regard to the same. Held, not prejudicial.

Evidence.   On a prosecution for rape, where it appears from the
3   cross-examination of the prosecutrix that she had submitted to intercourse with a third party prior to the alleged crime, it was competent to show on re-direct that she had frequently seen the defendant and such third person in each other's company.

123   649
125   503

123   649
127   74

123   649
130   482

NOTE.   This case and the one following are published out of their chronological order by reason of motions for rehearing.—REPORTER.

Instructions: AGE OF PROSECUTRIX. In a prosecution for rape, an
4    instruction that the age of the prosecutrix need not be proven
by a family record or instrument in writing but could be
shown orally, was not erroneous as tending to ''belittle'' the
quantum of proof.

Same.   In a prosecution for rape, the prosecutrix is a competent
5    witness on the question of her own age, notwithstanding her
parents are present at the trial, and she may base her knowl-
edge on information from her parents.

Same.   On a prosecution for rape, an instruction that the prose-
6    cutrix was competent to testify as to her age, did not indicate
to the jury that her appearance and apparent maturity might
not be considered on that question.

Same.   An instruction that if the prosecutrix was under fifteen
7    years of age the jury were not to consider the question of her
consent or defendant's knowledge of her age, was correct, her
appearance indicating that she was past maturity.

*Appeal from Shelby District Court.*—HON. W. W. MACY,
Judge.

WEDNESDAY, OCTOBER 7, 1903.

THE defendant was convicted of assault with intent to
commit rape, and appeals.—*Affirmed.*

*Byers & Lockwood* for appellant.

*Chas. W. Mullan,* Attorney General, and *Chas. A. Van
Vleck,* Assistant Attorney General, for the state.

LADD, J.—The case was tried on the theory that the de-
fendant was accused of an assault with intent to rape a
female under fifteen years of age. This appellant insists was
1. INDICTMENT: error, for the reason that the indictment
allegations of
force.   charged the assault to have been committed
with force and against the will of prosecutrix. Counsel
seems to rely upon decisions to the effect that under an ordi-
nary indictment for rape, or assault with intent to commit
rape, in which the age of prosecutrix is not mentioned, con-
viction cannot be had without proof of force and the absence
of consent, even though it appear in the course of the trial
that she be under the age of consent. See *State v. Johnson,*

100 N. C., 494 (6 S. E. Rep. 61); *Vasser v. State,* 55 Ala., 264; *Bonner v. State,* 65 Miss., 293 (3 South. Rep. 663); *State v. Haddon,* 49 S. C., 308 (27 S. E. Rep. 198); *Moore v. State,* 20 Tex. App. 275; *Nicholas v. State,* 23 Tex. App. 317 (5 S. W. Rep. 239); *Jenkins v. State,* 34 Tex. Cr. App. 201 (29 S. W. Rep. 1078). The ground of these decisions is that there is a variance between the allegations and the proof. But separate provisions for offenses against a child and one over the age of consent are prescribed by the statutes of the states in which these rulings were made, and hence the necessity of distinct averments with respect thereto. In this state the offenses are defined in the same section of the statute, and the punishment is the same. Code 4756. In these circum-stances, according to several authorities, the indictment may charge in separate counts carnal knowledge of a female under the age of consent and of such knowledge by force and against her will. *Grimes v. State,* 105 Ala., 86 (17 South. Rep. 184); *State v. Dalton,* 106 Mo., 463 (17 S. W. Rep.); 17 Ency. P. & P. 661. Where this is not done, however, and the female is alleged to be under the age at which consent may be given, it is uniformly held that statements of the exercise of force against her will, found in the indictment, are mere matters of aggravation, and to be treated as surplusage. *McComas v. State,* 11 Mo., 117; *State v. Horne,* 20 Or. 485 (26 Pac. Rep. 665); *Davis v. State,* 42 Tex. 226; *State v. Erickson,* 45 Wis. 87.

II. A certificate of the baptism of prosecutrix on June 11, 1893, which included a statement that she was born January 7, 1887, was received in evidence over the defendant's objection, but the ruling was changed the following morning, and the jury cautioned explicitly not to give it any consideration. The date corresponded with that testified to by her, and no other evidence of age was introduced. Conceding the evidence to have been erroneously received, we think, in view of its prompt withdrawal and the caution given to the jury to disregard it, the error was without prejudice. *State v. Helm,* 97 Iowa, 382.

2. EVIDENCE: withdrawal.

III.   On cross-examination prosecutrix testified to having had intercourse several times previous with a physician of the village, and on redirect was allowed, over objection, to
3. EVIDENCE.   state that after such intercourse, and before the alleged assault, she had noticed said physician and defendant much in each other's company.   Manifestly this alleged fact of such intercourse was elicited to throw doubt on prosecutrix's veracity, and it cannot be said to have been prejudicial to defendant·in the circumstances disclosed to permit a showing of such intimacy.

IV.   The court in the sixth paragraph of the charge instructed the jury that "the state would not be required to show the age of said Emma Meyer by a family record or any
4. INSTRUCTIONS instrument in writing; such proof may be made
age of prose-
cutrix.          by oral testimony of witnesses, and said Emma Meyer is a competent witness as to her age, and such testimony may be based upon information with respect thereto, if any she may have, from her parents."   It is said that while the first clause is correct in law it ought not to have been given, as no one claimed it to be necessary to prove the age of prosecutrix by other than oral testimony.   As family records are commonly kept, it was entirely proper for the court to indicate that they might be dispensed with in proving age and other evidence received to establish that fact.   In doing so the quantum of proof was not belittled, as contended.

V.   Exception is also taken to the statement to the effect that prosecutrix was a competent witness of her own age. Such has long been the law.   Says Greenleaf in his work on
5. SAME.          Evidence: "In strictness, a person's belief as to his own age rests upon hearsay only, not on actual observation and recollection.   Nevertheless such belief, sufficient as it is for action in practical affairs of life, ought also to be admissible in judicial inquiries, and such is the conclusion generally accepted."   The court in *People v. Ratz,* 115 Cal., 132 (46 Pac. Rep. 915), thus summarizes the law on the subject: "A person's age may be proven by his own testimony, and the fact that knowledge of that age is derived from statements of

parents or from family reputation does not render it inad-
missible." *Com. v. Stevenson,* 142 Mass., 468 (8 N. E. Rep.
341); *Houlton v. Manteuffel,* 51 Minn., 187 (53 N. W.
Rep. 541); *State v. Bowser,* 21 Mont., 133 (53 Pac. Rep.
179); *Dodge v. State,* 100 Wis., 294 (75 N. W. Rep. 954);
*State v. Marshall,* 137 Mo., 463 (36 S. W. Rep. 619, 39 S.
W. Rep. 63); *State v. McClain,* 49 Kan., 734 (31 Pac. Rep.
790).

The last case is precisely in point, as the prosecutrix
there testified to her age, and on cross-examination that she
knew because her father had told her. The evidence was de-
clared sufficient to support a conviction. Appellant claims
the character of the information, whether oral or in writing,
or when given, was not mentioned in the instruction. Every
one is presumed to know his own age, and the source of in-
formation is a matter of inquiry on cross-examination. But
appellant urges her evidence was not the best attainable, for
the reason her father was present in court, and presumably
knew as a fact what she had ascertained only on report. The
evidence of the child may not be as satisfactory as that of the
father or mother or some other person present at her birth,
but it should be received, and accorded such weight as it is
entitled to under all the circumstances. *State v. Cain,* 9 W.
Va. 559; *Bain v. State,* 61 Ala. 75.

It may be that, in connection with her evidence, her ap-
pearance and apparent maturity might aid the jury in deter-
mining the age to which she had attained; if so, mentioning
6. SAME.       her competency to testify did not, as contended,
indicate that these matters ought not to be considered. See
*Com. v. Phillips,* 162 Mass. 504 (39 N. E. Rep. 109);
*Stephenson v. State,* 28 Ind. 272.

V. In the seventh and tenth instructions the jury were
advised that if prosecutrix at the time of the alleged assault
was under 15 years of age they were not to consider whether
7. SAME.       she consented or whether defendant had know-
ledge of her age. Error is alleged, in that no such issues
were raised. But elsewhere in the brief counsel insist that

prosecutrix weighed one hundred and forty-five pounds, and appeared like a person past her majority. If so, the question of knowledge would be very likely to arise in the jury's deliberations, and for this reason both subjects were proper matters for instruction, regardless of defendant's contentions at the trial. The seventeenth instruction is without defect, and the evidence convincing of defendant's guilt.—AFFIRMED.