## STATE OF IOWA v. L. J. BRICKER, Appellant.

**Rape:** EVIDENCE.  On a prosecution for carnal knowledge of a female under the age of consent, evidence tending to show consent or previous intercourse with others is immaterial.

**Offer of evidence:** ASSIGNMENT OF ERROR.  Where the court directs counsel to dictate his offer of evidence during a recess, which is done, but the attention of the court is not again called to the matter, there is no ground for complaint.

Rape: CORROBORATING EVIDENCE. Ordinarily the question of whether
3     there is any corroborating evidence tending to connect a de-
      fendant with the charge of rape is for the court, but its weight
      is for the jury.

Misconduct in argument. Misconduct in argument cannot be predi-
4     cated on the statements of a prosecuting attorney made as of
      his own knowledge, where it is not shown that he was claim-
      ing any knowledge other than that disclosed by the evidence,
      or that the jury understood the statements to be anything
      more than his opinion as gathered from the record.

*Appeal from Lee District Court.*— HON. H. BANK, JR.,
Judge.

WEDNESDAY, JULY 3, 1907.

THE defendant was convicted of the crime of rape, and
appeals.— *Affirmed.*

*E. C. Weber* and *H. Schlemer,* for appellant.

*H. W. Byers,* Attorney-General, and *Charles W. Lyon,*
Assistant Attorney-General, for the State.

SHERWIN, J.— At the time it is charged the defendant
had carnal knowledge of the prosecuting witness she was
under fifteen years of age, the age of consent fixed by Code,
section 4756. On her cross-examination the prosecutrix tes-
tified that the penetration did not bruise or lacerate her, and,
on the State's motion, the answer was stricken out. There
was no error in the ruling. She had already testified that
the act was not painful, and, if the question of laceration
was a materal one, it was sufficiently answered. The defend-
ant was not permitted to show by a physician that in his
opinion the prosecutrix had had intercourse with males more
than twice, and, if she had not, that the act would cause pain.
The evident purpose of this testimony was to show previous
intercourse with other men and consent, neither of which
was competent in this case. The statute makes it a crime to

carnally know a female under the age of consent, and no act on her part can change it.

The appellant claims that he offered to show that the prosecutrix was at the time of the alleged intercourse infected with a venereal disease which would have been communicated to him had he carnally known her. The record does not sustain the claim, however. It appears that the trial court directed appellant's counsel to dictate his offer of evidence during a recess of the court, which was done. But the further attention of the court was not called to the matter, nor was there a ruling on the offer. It is manifest, therefore, that there can be no merit in the appellant's claim.

Error is claimed because the court refused to instruct that there was no corroborating evidence tending to connect the defendant with the commission of the crime. The claim is not well founded, however. Whether there is any such evidence is a question for the court, but its weight and sufficiency is solely for the jury under ordinary circumstances. *State v. Crouch,* 130 Iowa, 478; *State v. Norris,* 127 Iowa, 683.

The county attorney in argument to the jury stated that he knew that the prosecuting witness was telling the truth, and that the defendant was guilty. It does not appear that the attorney was claiming any knowledge other than that possessed by the jury, or that the jury understood the statement to be anything more than the expression of his opinion from the record made on the trial, and, such being the case, we think there was no prejudice in the remark.

It is alleged that the verdict is contrary to the instructions of the court, and that it is not sufficiently supported by the evidence. We have given the record a careful examination, and reach the conclusion that there is no merit in either contention.

The judgment must therefore be *affirmed.*