**STATE of Iowa, Appellee,**

v.

**Steve McDANIEL, Appellant.**

**No. 55448.**

Supreme Court of Iowa.

Feb. 21, 1973.

Robert L. Bray, Council Bluffs, for appellant.

Richard C. Turner, Atty. Gen,. Allen J. Lukehart, Asst. Atty. Gen., and Lyle A. Rodenburg, County Atty., for appellee.

Heard before MOORE, C. J., and MASON, RAWLINGS, HARRIS and McCORMICK, JJ.

HARRIS, Justice.

Defendant appeals his conviction of assault with intent to commit rape. We reverse and remand.

The evidence offered by the State, had it been properly admissible, would have been ample to support a conviction. It is necessary for us to consider only certain rulings on its admissibility. The evidence shows, though the indictment does not assert, the prosecutrix was 15 years of age at the time the offense is alleged to have occurred.

On the date in question the prosecutrix went to a private home in Council Bluffs where she joined the company of several young persons, mostly married, and engaged in conversation and beer drinking. Some of those present would leave from time to time and return. The defendant was present with Jeffrey Blackman who later testified as a prosecution witness at trial. At one point during the afternoon prosecutrix, defendant, and Blackman drove to Omaha to purchase beer. Upon returning they drove down to the river and parked. Prosecutrix and Blackman testified they petted and kissed at this time while the defendant was out of the car but he claims to have observed what was occurring. All three were drinking beer. They returned to the residence where the conversation and beer drinking continued. When darkness came defendant and Blackman agreed to drive the prosecutrix to her home. As they were leaving two other young men asked to go along to buy more beer and it was agreed to go first to Omaha for that purpose. On returning they again went to a parking place near the river and it was then the attack is alleged to have taken place. There is a sharp dispute as to what then occurred. The State offered evidence sufficient to show a rape was at least attempted by one of the two men who had asked to go along and that defendant participated in a violent assault and battery upon the prosecutrix intended to aid in accomplishing it.

As corroborating testimony the State offered evidence that laboratory tests were taken to determine whether the act had been accomplished. The results were apparently inconclusive but some hearsay evidence was received to the effect one of the tests indicated the presence of spermatozoa within the person of the prosecutrix. The mother of the prosecutrix offered further corroboration by her testimony regarding the physical condition of her daughter following the incident. She testified of bruises and other signs of trauma indicating the sort of violence which might appear from forcible rape or attempted rape.

Defendant's version was that any act done was not by him but by Blackman. He sought to explain the presence of the spermatozoa by offering testimony of intercourse between Blackman and prosecutrix at the first visit to the river in the afternoon.

The offer was wholly rejected by the trial court. Notwithstanding the prosecutrix's testimony on direct examination as to the kissing and petting, defendant's counsel was not allowed to explore the subject on cross-examination. Defendant's own testimony on the same subject was categorically rejected by rulings of the trial court when offered in his defense.

I. We pass the effect of the omission from the indictment an assertion the prosecutrix was under the age of consent. The cases are legion on the proposition a girl under the age of 16 years is legally incapable of consenting to sexual intercourse and it is no defense that the child, prior to the time of the alleged offense, had sexual intercourse with other men.

"Since consent is not an issue in a prosecution for statutory rape, it has generally been held that evidence of sexual acts performed by the prosecutrix with persons other than the accused, or evidence of her general reputation for chastity, is inadmissible, when offered as an excuse or justification. * * *." 65 Am.Jur.2d, Rape, section 85, page 811. See also State v. Bricker, 135 Iowa 343, 112 N.W. 645. It is well settled a similar rule prevails in this country in cases of assault with intent to commit rape.

"It is almost universally held that a man who commits an overt act upon the person of a female under the age of consent, which would amount to an assault with intent to rape, is guilty of such offense even though the female consents to such act. Since the child cannot consent to the crime of rape, she equally cannot consent to an assault with the intent to commit rape. * * *." 65 Am.Jur.2d, Rape, section 23, page 773. See also 75 C.J.S. Rape § 28, page 493. It is interesting to note a different rule prevails in England and Canada. See Annot. at 81 A.L.R. 599. Our cases are consistent with the rule generally prevailing in this country. State v. Scroggs, 123 Iowa 649, 96 N.W. 723; State v. Roby, 194 Iowa 1032, 188 N.W. 709; State v. Western, 210 Iowa 745, 231 N.W. 657.

■ These exclusory rules have always been subject to certain exceptions.

" * * * However, the defendant may introduce evidence of the prior unchastity of the prosecutrix as tending to show that another might have been the father of the child, where the prosecutrix seeks to substantiate her story by showing that she has become pregnant, given birth to a child, or had a miscarriage, that her hymen has been ruptured, or that she has become infected with a veneral disease. *Admitting evidence of this character gives the defendant an opportunity of rebutting the unfavorable inference that arises from the fact that the testimony of the prosecutrix is coupled with physical indications that she has had intercourse with someone.*" (Emphasis added) 65 Am.Jur.2d, Rape, section 85, at page 811. See also 75 C.J.S. Rape § 63, page 534, 537. See State v. Scroggs, supra, 123 Iowa at 652, 96 N.W.

at 724. See also State v. Height, 117 Iowa 650, 91 N.W. 935, 59 L.R.A. 437; State v. Blackburn, 136 Iowa 743, 114 N.W. 531. And see State v. Brooks, 181 Iowa 874, 165 N.W. 194, where such evidence was held admissible on the question of force for the included offense of assault and battery.

■ It was error for the trial court to reject the testimony offered by the defendant as to the occurrences earlier in the afternoon between the prosecutrix and Blackman. It similarly was error for the trial court to restrict defendant's counsel from cross-examining the prosecutrix on the same question. Such evidence was admissible, not on the issue of consent or justification for the act, but in answer to any inferences which might arise by reason of the State's offer of evidence on the laboratory tests and physical condition of the prosecutrix. Defendant had a right to attempt to show another person, in this case Blackman, was the one responsible for any violation of the prosecutrix.

II. Defendant separately claims the trial court erred in fixing attorney's fees. Following trial defendant's court appointed counsel submitted a claim for $690.85. The trial court fixed them in the sum of $440. Under a local court rule this award was appealed to a panel of judges which set the fee at $518. We are asked to set this award aside as inadequate and also to fix the fees for this appeal. We decline.

■ While the askings of defendant's counsel seem modest in view of the nature of the trial, we are not inclined to interfere with the amount set by the trial court, especially since it has been reviewed by a panel of judges. See Atherton v. State Conservation Commission, 203 N.W.2d 620 (Iowa 1973). The fees for court appointed counsel for services in connection with an appeal to this court are to be paid from county funds. The amount is to be set by the trial court. Section 775.5, The Code.

Reversed and remanded.