HECHT, Justice
(dissenting).
I cannot join my colleagues in the majority because I believe error was not preserved on the question decided today. I also dissent from the majority’s expansive reading of State v. Comried, 693 N.W.2d 773 (Iowa 2005), because I believe it is flawed in several particulars. In detailing the reasons for my dissent, I will first examine the substance of Erik Childs’s position in the district court. Next, I will explain why the majority errs in concluding error was preserved on the question of statutory interpretation decided today, emphasizing the prudential reasons why further review should not have been granted in this case. Finally, I will detail my concerns with the majority’s reading of Com-ried.
I. The Motion to Dismiss.
Following a roadside stop, a sample of Childs’s urine tested positive for the presence of sixty-two nanograms per milliliter of an inactive secondary metabolite of tet-rahydrocannabinol (THC)—ll-nor-9-car-boxy-delta-THC (Carboxy-THC). Childs was charged with operating while intoxicated, first offense, in violation of Iowa Code section 321J.2(l)(c) (2014) (prohibiting the operation of a motor vehicle “[w]hile any amount of a controlled substance is present in the ... person’s blood or urine”).
Childs filed a motion to dismiss in which he took aim at our decision in Comried, 693 N.W.2d 773, which he read as “creating a [per] se ban on controlled substances while operating a motor vehicle.” The motion asserted Comried!a “[per]-se ban on operating a motor vehicle while under the influence of a controlled substance” is “questionable” because it “relied heavily upon” the opinion of the Arizona Court of Appeals in State v. Phillips, 178 Ariz. 368, 873 P.2d 706 (Ct. App. 1994), which was subsequently distinguished by the Arizona Supreme Court in State ex rel. Montgomery v. Harris, 234 Ariz. 343, 322 P.3d 160 (2014). The motion further asserted that
[d]ue to the fact that the Defendant only had the nonimpairing metabolite, Car-boxy-THC, in his system at the time of arrest, the case should be dismissed as he did not operate a motor vehicle under the influence at the time he was arrested.
At the hearing on the motion to dismiss, defense counsel reiterated the position that our decision in Comried was no longer *189 good law because it relied on the Arizona court’s decision in Phillips. Noting that the Arizona Supreme Court had subsequently limited the vitality of the Phillips holding in Harris, defense counsel argued that Comried should not be viewed as authority in favor of the State’s position. Defense counsel neither addressed the plain meaning of the statutory text nor argued that any of our well-established rules of statutory interpretation should be applied when interpreting the text of section 321J.2(l)(c).
During the hearing colloquy, the district court revealed its misunderstanding that the motion to dismiss presented a constitutional challenge and explained its decision to deny the motion on rational-basis grounds:
Mr. Childs, again, your attorney is asking the Court to find that the law itself is unconstitutional; that there is no rational basis for the law here in Iowa.
I think that that’s a very, very high standard. I mean, to say that something is unconstitutional means that there is no—no reason at all to have this law in place, basically. And again, I think it’s an argument that I’m not going to agree with, but it’s something that could be appealed and maybe the Supreme Court or the Court of Appeals may find that they want to overturn this law and say that it’s not constitutional, but I’m not willing to do that.
I think that there is a rational basis to just say any marijuana in your system, whether it impairs you or not, that’s enough to say people shouldn’t be driving with that in their system.
Again, I understand the rationale of what your attorney is saying is that there should be some test as to whether or not it made you a bad driver, but Iowa hasn’t decided that that’s necessary. So, until someone tells me—someone else above me tells me it’s not constitutional, I’m going to find that it is.
So, I’m going to deny the Defendant’s Motion to Dismiss.
(Emphases added.) Defense counsel did not inform the court during the hearing that the court misunderstood the argument as a constitutional challenge; nor did counsel request a ruling on any statutory-interpretation issue.
The district court subsequently issued an order summarily denying the motion to dismiss. Childs did not file a posthearing motion requesting a ruling on any issue of statutory interpretation. He was convicted on the minutes of testimony of operating while intoxicated, first offense, in violation of Iowa Code section 321 J.2.[7]
II. Error Preservation.
The majority generously reads the defendant’s written .motion to dismiss as requesting a reinterpretation of section 321J.2(1)(c) to exclude the presence of inactive metabolites in one’s urine or blood as a basis for a conviction under the statute. The motion averred narrowly that Comried is no longer controlling authority in Iowa because the Arizona Supreme Court disavowed Phillips in 2014. See Harris, 322 P.3d at 160, 164 (interpreting statute prohibiting driving with “any drug ... or its metabolite in the person’s body” as requiring proof of driving “with any amount of THC or an impairing metabolite in the[] body” (quoting Ariz. Rev. Stat. § 28—1381(A)(3))). Aside from the fact that *190 Comried interpreted part of section 321J.2(l)(c), there is no indication in the motion to dismiss that Childs was advancing any specific statutory-interpretation argument. The motion made no reference to the plain meaning of the statutory text; it advanced no argument that the statute is ambiguous; and it cited no rule of statutory interpretation supporting a determination that the presence of an inactive metabolite of marijuana in the defendant’s blood or urine can sustain a conviction under the statute.
The majority nonetheless concludes error was preserved on the proper interpretation of section 321J.2(1)(c) even though the district court ruled only on the constitutionality of the statute. The majority incorrectly reaches this conclusion by relying on the proposition that our court may assume, for purposes of appellate review, that the district court implicitly reached- a legal conclusion necessary to its ruling. We expressly rejected that proposition as a rule'of error preservation in Meier v. Senecaut, and I would do so again here. See 641 N.W.2d 532, 539-40 (Iowa 2002). Because the majority’s conclusion is wrong as a matter of law, and for prudential reasons arising from the state of the record, I dissent from the majority’s conclusion that error was presérved.
A. Rules of Error Preservation. “Error preservation is a fundamental principle of law with roots that extend to the basic constitutional function of appellate courts.” State v. Harrington, 893 N.W.2d 36, 42 (Iowa 2017). “Judges are not advocates who reach out to decide questions..,. ” Feld v. Borkowski, 790 N.W.2d 72, 83 (Iowa 2010) (Appel, J., concurring in part and dissenting in part). We do not consider issues for the first time on appeal and therefore only resolve issues preserved for appeal. State v. Coleman, 890 N.W.2d 284, 304 (Iowa 2017) (Waterman, J., dissenting).
Ordinarily, an issue is not preserved in a criminal case unless it has been both raised in and decided by the district court. State v. Manna, 534 N.W.2d 642, 644 (Iowa 1995); accord State v. Reilly, 104 Iowa 13, 14, 73 N.W. 356, 356 (1897). Similarly, an issue that is not asserted on appeal is generally waived.[8] State v. Short, 851 N.W.2d 474, 479 (Iowa 2014). If an issue is raised but not decided in the district court, the issue is not preserved unless the party requests a ruling on the issue at a time when the court can take corrective action. State v. Krogmann, 804 N.W.2d 518, 524 (Iowa 2011); accord State v. Bricker, 135 Iowa 343, 345, 112 N.W. 645, 645 (1907). If the party fails to request the' ruling, error is not preserved. See State v. Schiernbeck, 203 N.W.2d 546, 547 (Iowa 1973).
These rules of error preservation promote sound judicial administration by promoting the prompt and orderly resolution of issues in a case and giving district courts an opportunity to fix mistakes prior to an appeal. See State v. Ambrose, 861 N.W.2d 550, 555 (Iowa 2015); see also Coleman, 890 N.W.2d at 304. The rules also protect parties from being surprised by issues on appeal, see Segura v. State, 889 N.W.2d 215, 219-20 (Iowa 2017), and from unprincipled judicial overreach, see Feld, 790 N.W.2d at 83-84 (discussing tension between judicial duties to decide concrete *191 cases and to ensure coherent development of law); see also Coleman, 890 N.W.2d at 304-05 (discussing judicial overreach on appeal). The waiver doctrine, expressed in our rules of appellate procedure, similarly advances interests of judicial economy by limiting our review to issues actually argued on appeal. See Iowa R. App. P. 6.903(2)(g)(3) (stating, that the failure of appellant “to cite authority in support of an issue may be deemed waiver of that issue”).
Nonetheless, we recognize several exceptions to our rules of error preservation. For instance, we have recognized an exception to the requirement that issues must be decided by the district court for evidentiary rulings in certain instances. See, e.g., State v. Reyes, 744 N.W.2d 95, 99-100 (Iowa 2008) (considering statutory issue not decided by the district court but fully developed in supplemental briefing). But see, e.g., DeVoss v. State, 648 N.W.2d 56, 62-63 (Iowa 2002) (holding that general error preservation requirements do not prevent us from considering alternative grounds for the admission of evidence that was fully developed, but not decided, in the district court); State v. Howard, 509 N.W.2d 764, 769 (Iowa 1993) (“We conclude [the defendant] failed to preserve error on his hearsay claim.”). Further, “[w]hen there are parallel constitutional provisions in the Federal and State Constitutions and a party does not indicate the specific constitutional basis, we regard both federal and state constitutional claims as preserved,” even if the district court did not rule on both. State v. Gaskins, 866 N.W.2d 1, 6 (Iowa 2015) (quoting King v. State, 797 N.W.2d 565, 571 (Iowa 2011)); e.g. Coleman, 890 N.W.2d at 286-87 (mar jority opinion). We declined to recognize an exception where the district court concluded that a statute applied to a defendant but did not resolve an as-applied constitutional challenge to the statute as was urged in the district court and on appeal. See Adams v. City of Des Moines, 629 N.W.2d 367, 369 (Iowa 2001) (citing Ritz v. Wapello County Board of Supervisors, 595 N.W.2d 786, 789 (Iowa 1999), to emphasize that a motion to expand a ruling is “crucial to preservation of error” on a legal issue urged but not decided in the district court).
B. Application of Error Preservation Rules to This Case. Childs argued in the district court that our conclusion in Com-ried is “questionable” because it cited an Arizona Court of Appeals case that has since been distinguished by the Arizona Supreme Court. Comried involved a question of statutory interpretation. The district court, however, expressly denied Childs’s argument on constitutional grounds and did not address the defendant’s statutory' claim or cite Comried in its ruling on the motion to dismiss. On appeal, Childs reasserts that Comried was wrongly decided. Because Childs did not request a ruling on his statutory claim at a time when the district court could still take corrective action and because no constitutional claim was even asserted in the district court, I would conclude error was not preserved on the statutory claim. See Krogmann, 804 N.W.2d at 524; see also Bricker, 135 Iowa at 345, 112 N.W. at 645.
The factual scenario presented in this case does not fit any of the recognized exceptions to our rules of error preservation discussed above. The legal principles guiding our interpretation of Iowa Code section 321J.2(l)(c) were never developed in the record or- applied by the district court. Rather, the parties limited their arguments in the district court to the effect of changing Arizona caselaw on the con *192 tinuing vitality of our decision in Comried.[9] Even assuming for the sake of argument that an issue concerning the interpretation of section 321J.2(l)(c) was presented to the district court, the court’s ruling on that issue could not be reasonably understood as an evidentiary ruling.
The closest factual analogue to the error preservation issue presented in this case occurred in State v. Mitchell, 757 N.W.2d 431 (Iowa 2008). The defendant in that case pressed two theories of error on appeal. See id. at 434. The first theory was that a child endangerment statute violated the defendant’s due process rights. Id. The second theory posited that the child endangerment statute violated the defendant’s equal protection rights. Id. The district court only analyzed and decided one theory, the equal protection claim. Id. at 435. The defendant did not seek a ruling on the due process claim in the district court before filing her appeal. Id. We concluded the defendant failed to preserve error on her due process claim because the district court did not rule on it. Id.
As in Mitchell, we should conclude in this case that Childs failed to preserve error on his statutory-interpretation claim because he did not seek a ruling on it. Unlike the majority, I view the statutory-interpretation analysis as analytically distinct from the constitutional analysis actually undertaken by the district court.[10] See Harris, 322 P.3d at 161 (rejecting argument that preliminary reading of statute in constitutional analysis bears on merits of statutory-interpretation claim); see also Adams, 629 N.W.2d at 369 (concluding error was not preserved on as-applied constitutional challenge to statute urged in district court and on appeal, even though district court determined statute applied to defendant); cf. King v. State, 818 N.W.2d 1, 42 (Iowa 2012) (Waterman, J., concurring specially) (arguing a court should not resolve textual issue by referring to source with no bearing on meaning of text at issue).
The majority concludes that the district court’s as-applied constitutional ruling necessarily decided an unspecified and undeveloped issue of statutory interpretation for purposes of error preservation. This conclusion is based on the faulty premise that we may assume for purposes of appellate review that the district court implicitly reached a legal conclusion necessary to its ruling. The majority cites Meier, 641 N.W.2d at 539-40, in support of this proposition. In fact, Meier expressly stands against it. Id. (rejecting argument that error is preserved on a legal issue necessary to district court’s legal conclusion but not addressed by the district court).
In Meier, we concluded error was not preserved on an issue of law raised in a motion to dismiss but not decided by the district court. Id. at 540-41. We rejected the argument that a district court implicitly rejects legal claims necessary to sustain its judgment for purposes of our rules of error preservation. See id. at 539-40 C‘[T]his assumption that the district court rejected claims not specifically addressed is not a rule of error preservation.... It is tied to our long-standing presumption that a district court found facts essential to sustain the judgment, and ... is not utilized as a means to preserve error.... ” (Citations omitted.)). We emphasized that *193 our long-standing rule that we assume a district court decided facts necessary to support its decision “is not a rule of error preservation, but a rule governing our scope of review when an issue is raised and decided by the district court and the record or ruling on appeal contains incomplete findings or conclusions.” Id. at 539 (emphasis added). Because the rule only applies when an issue has been “raised and decided by the district court,” id., we held that it “is not a replacement for the requirement to preserve error and cannot be used in this casé to satisfy the preservation of error requirement that an issue on review be first decided by the district court,” id. at 540 (emphasis added).
The majority misplaces reliance on other cases in support of its conclusion on error preservation. EnviroGas L.P. v. Cedar Rapids/Linn County Solid Waste Agency, 641 N.W.2d 776, 782 (Iowa 2002), is just an iteration of the long-standing scope-of-review rule that Meier determined “cannot be used” to subvert the requirement that an issue of law is not preserved unless the district court rules on it. See Meier, 641 N.W.2d at 540. Although the majority cites EnviroGas as supporting the proposition that we may assume the district court implicitly reached a legal conclusion necessary to its ruling, the case stands only for the proposition that we may “presume [a] factual matter was resolved so as to support the court’s ultimate ruling.”[11] See 641 N.W.2d at 782 (emphasis added); accord Bankers Trust Co. v. Fidata Trust Co., 452 N.W.2d 411, 413 (Iowa 1990) (“We, therefore, presume the court decided facts necessary to support its decision....” (Emphasis added.)). Similarly, in City of Riverdale v. Diercks, we assumed the district court found facts necessary to support an attorney-fee award under our state Freedom of Information Act. 806 N.W.2d 643, 655 (Iowa 2011). The majority uses the rule in this case to conclude the district court resolved an issue of law—the interpretation of a statute—not a question of fact.
In addition, the majority’s reliance on the doctrine of constitutional avoidance—in a case in which no constitutional argument was actually raised—is widely off base. The doctrine of constitutional avoidance is not a rule of error preservation and generally only applies when both statutory and constitutional questions are raised. See State v. Hellstern, 856 N.W.2d 355, 360 (Iowa 2014). Nor is it a rule of law that must be uniformly applied to every case— it is a prudential consideration of judicial restraint applied in many cases, but not all. See, e.g., State v. Storm, 898 N.W.2d 140, 145 n.1 (Iowa 2017) (declining to consider statutory question that could obviate need to reach constitutional question). The majority cites no authority for the proposition that the principle of constitutional avoidance has any bearing in a case in which the district court clearly misunderstood a statutory claim to be a constitutional claim. I reject as unsupported by law or fact the notion that the doctrine of constitutional avoidance provides support for the conclusion that the district court implicitly resolved a statutory-interpretátion claim when it resolved a constitutional claim that was neither raised nor briefed in the district court.
Finally, the majority errs in concluding that the district court’s constitutional anal *194 ysis necessarily disposed. of the defendant’s statutory-interpretation claim on the merits. An as-applied constitutional analysis does not resolve issues of statutory interpretation. Harris, 322 P.3d at 161 (rejecting argument that reading of statute in as-applied constitutional analysis bears on merits of question of statutory interpretation).
C. Prudential Considerations. I further conclude that several prudential considerations should deter us from adopting and applying a new rule of error preservation to reach and decide the statutory-interpretation issue- on this record. First, neither the district court nor the parties cited a single canon of statutory interpretation or any exception to the plain-language rule. See Storm, 898 N.W.2d at 163, 165 (Hecht, J., dissenting) (outlining nonexhaustive list of exceptions to plain-language rule). Second, the parties did not raise, brief, or argue any constitutional theories, and the district court failed .to specify what constitutional question it believed it was deciding. Third, in reaching the merits, of an issue of law not decided by the district court, the majority violates our rules of error preservation and in so doing, risks “rewarding] trial counsel’s silence and gives all, defense counsel a perverse incentive to lay in the weeds in district court .., [and] deprives the district court of the opportunity to rule.” See Coleman, 890 N.W.2d at 304 (Waterman, J., dissenting). Finally, the new rule of error preservation applied by the majority raises implications that I am not sure the court is prepared to countenance. If Childs preserved error on the statutory-interpretation issue in this case, will the rule of the case be that a party preserves error on a' question of statutory interpretation by raising any as-applied constitutional challenge?
The inadequacy of the evidentiary record heightens the importance of my prudential concerns about the majority’s resolution of a statutory-interpretation issue that was neither seriously presented in the district court nor decided in the district court. The majority chooses to adopt a new exception to our rules of error preservation even though the record is devoid of basic information abo.ut marijuana, its constituent compounds and metabolites, and the ability of drug tests to reliably test for the presence of the drug. The majority is left to fill in the gaping holes in the eviden-tiary record with its own understanding of key scientific concepts and facts, posing the risk the court’s reasoning may be undermined by mistaken assumptions, impressions, and conclusions regarding marijuana. On such a weak record, this court should not resolve the important question of whether the language “controlled substance” in section 321J.2(l)(c) encompasses inactive metabolites of a controlled substance. >
Under these circumstances, I would also conclude further review was improvidently granted. Consistent with principles of judicial restraint, I would not disregard jurisprudential considerations by forging ahead with discretionary further review. See Short, 851 N.W.2d at 519 (Waterman, J., dissenting) (noting judicial restraint counters wide-open judicial activism and furthers “decisionmaking goals of clarity, efficiency, and principled reasoning”. (emphasis omitted) (quoting State v. Schwartz, 689 N.W.2d 430, 445 (S.D. 2004) (Konenkamp, J., concurring in result))); cf. also King, 818 N.W.2d at 39 (Waterman, J., concurring specially) (“I write separately to emphasize the importance of judicial restraint....”), Without reliable information in the record, courts risk making unsound decisions based on their own inadequately informed understanding of the scientific questions involved, aided only by sources they uncov *195 er and their own assessments of the credibility of those sources. We should avoid that risk here by dismissing this application for further review as improvidently granted.
These prudential considerations caution against the majority’s conclusion that error is preserved on a statutory-interpretation claim that the district court failed to recognize and decide if the district court decides an unraised constitutional question. After the district court explained its denial of the motion based on the constitutionality of Iowa Code section 321 j.2(l)(c), Childs did not object nor did he request a ruling on the issue of statutory interpretation he now advances on appeal. I would thus conclude that error was not preserved. Although the State did not dispute error preservation on the poorly argued statutory-interpretation question, we should not allow the State’s posture to override our customary error preservation and prudential considerations.
Because I conclude Childs failed to preserve error on the statutory-interpretation issue, I would not address the merits of the question of how section 321J.2(l)(e) should be interpreted. I would leave for another day whether an inactive metabolite of a controlled substance is a controlled substance under section 321J.2(l)(c) and section 321J.1(4) (defining “controlled substance” as “any drug, substance, or compound that is listed in section 124.204 or 124.206, or any metabolite or derivative of the drug, substance, or compound”).
III. Comried.
The majority broadly reaffirms Com-ried’ s interpretation of “the plain meaning of the operative statutory language.” But it must be noted that the operative statutory language interpreted in that case is not the statutory language at issue in this case. In Comried, we interpreted the phrase “any amount” in Iowa Code section 321J.2(1)(c) to mean “any amount greater than zero.”[12] 693 N.W.2d at 778, The majority focuses on different language in this case, deciding whether an inactive secondary metabolite of marijuana is a “controlled substance” for purposes of section 321J.2(1)(c).
The majority cites the Harris dissent for the proposition that the flat ban imposed by Comried on driving with any amount of a controlled substance is justified by “the difficulty of detecting drug impairment,” given the rate at which impairing substances metabolize. See Harris, 322 P.3d at 165 (Timmer, J., dissenting). The majority also concludes that there is no roadside test that can measure for the presence of controlled substances in a driver’s body. Importantly, these factual conclusions have no evidentiary, basis in the record of this case and are subject to change based on the record in future cases, evolving information about marijuana, or the development of new methods of testing for the presence of any amount of a controlled substance.
In his special concurrence, Chief Justice Cady- cites Comried for the proposition that the purpose of Iowa Code section 321J.2(1)(c) is “to prohibit people from operating motor vehicles with controlled substances in their bodies, whether or not they are under the influence.” Comried, 693 N.W.2d at 776. Chapter 321J provides, *196 however, that its legislative purpose is “to protect society, including drivers, from death or serious long-term injury.” Iowa Code § 321J.23(2). A conviction under section 321J.2(l)(e) “identifies [the defendant] as a risk to the health and safety of others, as well as to the intoxicated driver.” Id. § 321J.23(3). We “consider statutory text to be the best evidence of legislative intent or will” and construe statutes “to effect the expressed intent of the legislature.” See 2A Norman J. Singer & Shambie Singer, Statutes and Statutory Construction § 46:3, at 178 (7th ed. 2014). Consistent with this principle of judicial fidelity to expressed legislative intent, I am not convinced that the purpose of Iowa Code section 321J.2(l)(c) is to create an operating-while-intoxicated offense divorced entirely from the question of actual impairment, and thereby roadway safety.
Comried did not address what constitutes a controlled substance and thus does not control the question of whether the phrase “controlled substance” used in section 321J.2(l)(e) includes Carboxy-THC, an inactive metabolite of marijuana. To the extent that the majority reaches the question of whether Carboxy-THC is a controlled substance under section 321J.2(l)(c), I dissent.
IV. Conclusion.
After considering the briefs, record, and oral arguments in this case, I conclude that several problems undermine the soundness of the majority’s decision. In particular, the district court never ruled on the issue of statutory interpretation, the parties did not address the plain meaning of Iowa Code section 321J.2(l)(c) or assert any recognized exceptions to our plain-meaning rule, and the record is devoid of basic scientific evidence informing the court’s interpretation of the relevant statutory provisions. For these reasons, I conclude error was not preserved and further review was improvidently granted, and I respectfully dissent.

. Although the information charged Childs under both subsection (a) and subsection (c) of section 321J.2(1), the judgment of conviction did not specify whether the district court found guilt under one or both of the subsections. On appeal, Childs only challenges the conviction under Iowa Code section 321J.2(l)(c).

. We have on occasion characterized our rules of waiver as rules of error preservation. See, e.g., Johnston Equip. Corp. of Iowa v. Indus. Indem., 489 N.W.2d 13, 16 (Iowa 1992) (distinguishing between successful and unsuccessful parties for purposes of error preservation). There is, however, a difference between the rules. A party does not preserve error on issues not asserted or decided in the district court but waives an argument not asserted on appeal.

.' As explained below, Comried did not address the meaning of “controlled substance,” the operative statutory language in this appeal.

. Significantly, the majority fails to cite a single case from any jurisdiction concluding that a district court’s resolution of an unas-serted constitutional question implicitly resolves and thus preserves a question of statutory interpretation for appellate review.

. We also determined that a victorious party does not need to file a rule 1.904 motion to enlarge or amend the district court’s findings if a district court does not rule upon an issue because a victorious party does not waive an argument by not asserting it on appeal. See EnviroGas, 641 N.W.2d at 781. This exception does not apply here because Childs was not the victorious party.

. Unlike the per se rule concerning alcohol, see Iowa Code section 321 J.2(l)(&), the per se rule concerning controlled substances lacks a scientific basis for concluding that dangerous impairment occurs at a specified concentration of THC. For this reason, we approved of a plain-meaning interpretation, of the phrase "any amount" in Comried. Childs does not raise, and the majority does not decide in this case, whether a person can constitutionally be convicted of operating while intoxicated by marijuana with no evidence of impairment.